WALTER J. BURNS, Appellant, *v.* SMITH-CORONA MARCHANT, INC., Respondent.

JEAN ANTONIEWICZ, Appellant, *v.* SMITH-CORONA MARCHANT, INC., Respondent.

Third Department, May 13, 1971.

*James C. Straney* for appellants.

*Maynard, O'Connor & Smith* (*John A. Murray* of counsel), for respondent.

SWEENEY, J. These are appeals from judgments of the Supreme Court, entered in Albany County on June 12, 1970, upon

an order which granted defendant's motion to dismiss the complaints at the close of the plaintiffs' case.

Plaintiffs sued defendant, their former employer, for slander. Plaintiff Burns was a branch manager for defendant's Albany office and plaintiff Antoniewicz was his secretary. The record reveals that one Cluse, one of the defendant's zone managers whose area included the Albany office, became aware, as members of the New York office did, of rumors that plaintiffs who were both married to others were having an affair. The record further reveals that Cluse came to Albany on September 21, 1966, met with five regional managers and conducted a general office meeting. During the meeting the matter of the alleged affair between plaintiffs was discussed. After the meeting Cluse had lunch with plaintiff Burns and told him he was being demoted because of the rumors relating to his improprieties with plaintiff Antoniewicz. He also told him that she was being discharged and he was not to reveal to her the reason therefor.

At the end of plaintiffs' case the court dismissed the complaint on the ground that plaintiffs failed to establish malice overcoming the affirmative defense of qualified privilege.

The judgments should be affirmed. The record shows that the alleged slanderous statements were made at a regional meeting by individuals in authority, interested and responsible for the operation of defendant corporation, including the Albany branch. They had the right to consider any matter which affected the operation of the corporation. Consequently, the statements were protected by a qualified privilege. (*Shapiro* v. *Health Ins. Plan,* 7 N Y 2d 56.) Under these circumstances the plaintiffs had the burden of overcoming the privilege by evidentiary facts showing that the defamatory statements were motivated by either actual malice, ill will, personal spite, culpable recklessness or negligence. (*Stillman* v. *Ford,* 22 N Y 2d 48.) There is no such proof in the record. Malice may not be inferred from falsity alone. Where, as here, there is a qualified privilege, it is assumed there is no malice. (*Khuri* v. *Kellogg Co.,* 33 A D 2d 736.) While the question of malice is generally one for the jury there must, however, first be sufficient evidence to warrant the submission of the issue to the jury. Here the evidence did not meet that test and the trial court properly dismissed the complaint.

The judgments should be affirmed.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SIMONS, JJ., concur.

Judgments affirmed, without costs.