## (January 23, 1978)

■ AL BRENNAN et al., Respondents, v GRANITE EQUIPMENT LEASING CORP., Defendant, and THEODORE A. ROTHSTEIN, Appellant.—In an action to recover damages for libel and slander, defendant Rothstein appeals from so much of an order of the Supreme Court, Nassau County, dated June 23, 1977, as, in granting in part his motion for summary judgment, denied the motion as to part of the second cause of action. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and defendant Rothstein's motion for summary judgment is granted in its entirety. The appellant, Theodore Rothstein, an attorney, was employed by the defendant Granite Equipment Leasing Corp. until February, 1973. Plaintiff Al Brennan had been employed as a repossessor by Silverman Associates, which did auction and repossession work for Granite. Brennan, whose duties included accounting for the proceeds of auctioned equipment, was well known to Granite and Rothstein. At a certain point in time Granite became concerned that all of the funds due it were not being remitted by Silverman. Rothstein, and others employed by Granite, made inquiries with respect to this problem. Many of those inquiries were directed to Brennan. Granite brought an action for conversion against Silverman, Brennan and others in January, 1973. Judgment was recovered against Silverman and its president, but the suit was discontinued as to Brennan. In September, 1972 Brennan formed the A. C. Brennan Co., Inc., which sought to establish itself in the repossession and auction business. In February, 1973, when Rothstein terminated his employment with Granite, he became house counsel to Citicorp Leasing. In May, 1973 Brennan sought to be chosen by Citicorp as a repossessor and auctioneer on a particular matter. Brennan was interviewed by the president of Citicorp, and described his prior association with Silverman. He related how Silverman had developed a poor reputation in the industry. When Rothstein discovered that Citicorp might employ Brennan's services, he allegedly told the company's president that Brennan was "untrustworthy", and should not be engaged. In June, 1973 Rothstein, as a representative of Citicorp, attended several meetings of the secured creditors of a certain securities firm. At one of the meetings it was decided that an auctioneer should be selected to conduct a public auction of the firm's inventory. One of the other creditors at the meeting suggested Brennan. Rothstein objected and allegedly expressed the view that Brennan was untrustworthy or dishonest. On April 1, 1974 the plaintiff commenced this action against Granite and Rothstein to recover damages for libel and slander. The complaint alleges that the statements of May and June, 1973,

along with several others, were defamatory. Granite's motion for summary judgment was granted in its entirety; Rothstein's motion for summary judgment was granted, except as to allegations with respect to the statements of May and June, 1973. Rothstein argues that his motion for summary judgment should have been granted in its entirety since his statements of May and June, 1973 were qualifiedly privileged and as no triable issue of malice which would destroy that privilege had been presented. With respect to the question of privilege, "It is an established rule that communications made by one person to another upon a subject in which both have an interest are protected by a qualified privilege" *(Kenny v Cleary,* 47 AD2d 531, 532). If the appellant's statements of May and June, 1973 were otherwise defamatory, they were qualifiedly privileged, since both were made with respect to a subject matter in which both the appellant and the hearers had an interest. The remaining question is whether the qualified privilege which attached to the appellant's statements is defeated by malice on his part. In *Stukuls v State of New York* (42 NY2d 272, 279), the court reviewed the standard to be applied where malice is raised in opposition to a claim of qualified privilege. " 'When defendant's statements are presumptively privileged the rule is that, in order to render them actionable, it is "incumbent on the plaintiff to prove that [they were] false and that the defendant was actuated by express malice or actual ill-will. While there are numerous cases in the books in which it is said that as to privileged communications the good faith of the defendant and the existence of actual malice are questions of fact for the jury, the expression must not be misunderstood. Those questions are for the jury only where there is evidence in the case warranting their submission to the jury, and the burden of proof is on the plaintiff" *(Ashcroft v. Hammond,* 197 N. Y. 488, 495-496 * * *). Falsity is not sufficient for an inference of malice. " 'It must be * * * consistent only with a desire to injure the plaintiff to justify * * * [sending] the question of malice to the jury' " *(Fowles v. Bowen,* 30 N. Y. 20, 26; see *Loewinthan v. Le Vine,* 299 N. Y. 372, 375). "By actual malice is meant 'personal spite or ill will, or culpable recklessness or negligence' " *(Hoeppner v. Dunkirk Print. Co.,* 254 N. Y. 95, 106).' *(Shapiro v. Health Ins. Plan of Greater N. Y.,* 7 N. Y. 2d 55, 60-61)." The plaintiffs, through their attorney's affirmation submitted in opposition to the appellant's motion, have failed to carry the burden of proof which would allow them to proceed further with respect to the question of malice. That affirmation does nothing more than recite that any question of malice is for the jury to decide. It contains no reference to facts or circumstances which would tend to show malice on the part of the appellant. Therefore, the relief sought by the appellant should have been granted, since "It is well settled that summary judgment is properly granted where a qualified privilege obtains and the plaintiffs offer an insufficient showing of actual malice" *(Trails West v Wolff,* 32 NY2d 207, 221). Martuscello, J. P., Rabin, Margett and O'Connor, JJ., concur.