■ ENNA CROSMAN, Appellant, v LONG ISLAND UNIVERSITY, Respondent. —In a defamation action, plaintiff appeals from an order of the Supreme Court, Kings County, dated October 12, 1978, which, *inter alia,* granted defendant's cross motion for summary judgment and dismissed the complaint. Order affirmed, with $50 costs and disbursements. We agree with Special Term that the plaintiff failed to establish that the defendant was motivated by actual malice in publication of the allegedly libelous statements, sufficient to defeat defendant's qualified privilege. Hence, dismissal of the complaint was proper (see *Stukuls v State of New York,* 42 NY2d 272, 278-280; *Brennan v Granite Equip. Leasing Corp.,* 60 AD2d 877, 878). Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

■ LEON DA SILVA, Appellant-Respondent, v ANTONIO MUSSO et al., Respondents-Appellants.—In an action for specific performance of an alleged contract for the sale of real property, or, in the alternative, for damages, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated March 21, 1979, as denied his cross motion to dismiss defendants' affirmative defenses and for summary judgment. Defendants purport to cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment. Cross appeal dismissed, without costs or disbursements (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686). Order affirmed insofar as appealed from by plaintiff, without costs or disbursements. In our opinion, Special Term correctly found that there are numerous issues of fact which must be resolved at a trial. Although we have dismissed defendants' cross appeal, we have considered and rejected their arguments (cf. *Peoples Sav. Bank of Yonkers v County Dollar Corp.,* 43 AD2d 327, 334, affd 35 NY2d 836). Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.