■ RICHARD ZMYEWSKI, Respondent, v STREET BROADCASTING CORP. et al., Appellants. — Appeal from an order of the Supreme Court at Special Term, entered January 30, 1980 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint. Order affirmed, with costs. No opinion. Mahoney, P. J., Greenblott, Main and Herlihy, JJ., concur.

Casey, J., dissents and votes to reverse in the following memorandum. Casey, J. (dissenting). I disagree with the conclusion of the majority that the plaintiff has demonstrated a cause of action sufficient to defeat the defendants' motion for summary judgment, and, therefore, I dissent. The plaintiff's complaint and affidavits submitted in opposition to the defendants' motion are legally insufficient to sustain a cause of action for libel, and, accordingly, summary judgment dismissing the complaint should have been granted to the defendants by Special Term. The action arose out of the termination of the plaintiff's employment by the defendants. Subsequent to the plaintiff's discharge, the defendants received inquiries from prospective employers concerning the plaintiff's performance of his duties and the reasons for his termination. In response, the defendants stated that the plaintiff was discharged because it was "our belief he falsified his daily sales report on at least one occasion". To statements arising from the employer-employee relationship that admittedly existed between these parties, the law accords a qualified privilege *(Cheatum v Wehle,* 5 NY2d 585; *Burns v Smith-Corona Marchant,* 36 AD2d 400); and where, as here, the facts of that relationship and the statement made are admitted, the determination of the existence of a qualified privilege is a matter of law for the court *(Green v Kinsella,* 36 AD2d 677). In turn, the existence of such privilege casts upon the plaintiff the burden of showing that in making the statement the defendants abused the privilege by acting with malice motivated by ill will, spite or hostility *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56; *Rezey v Golub Corp.,* 73 AD2d 772).

Neither the complaint nor the supporting affidavits have met this burden. The plaintiff is required to show evidentiary facts, not conclusions based upon surmise, conjecture and suspicion *(Shapiro v Health Ins. Plan of Greater N. Y., supra)*. The plaintiff's failure to meet the required burden compels the granting of the defendants' motion for summary judgment *(Shapiro v Health Ins. Plan of Greater N. Y., supra)*. This determination obviates the necessity of considering whether the statement made was true or false. The order of Special Term should be reversed and the complaint dismissed on the merits.