■ JOSEPH A. VACCA et al., Respondents, v GENERAL ELECTRIC CREDIT CORPORATION et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered May 12, 1981 in Schenectady County, which denied defendant General Electric Credit Corporation's motion for summary judgment and codefendant John P. Browne's cross motion for summary judgment. Plaintiffs were owners of Marcella's Appliance Sales and Service, Inc., a retail appliance business in Schenectady, New York. Defendant General Electric Credit Corporation was a secured creditor of inventory in plaintiffs' possession, and the individual defendant, John P. Browne, was its zone manager. The complaint alleges that defendant Browne, in the presence of two of plaintiffs' creditors and other persons at plaintiffs' place of business, stated: "The Vaccas are crooks and hijackers and you are going to find a lot of your units missing, and if you leave your merchandise here and don't entrust it to General Electric Credit Corporation for safe-keeping, you will find more will be missing". Defendants moved for summary judgment dismissing plaintiffs' complaint, which seeks damages for this alleged defamatory statement, contending that the complaint fails to state a cause of action and that the statement, if made, was protected by a qualified privilege. Special Term denied their motions and this appeal ensued. Initially, we find no merit to defendants' claim that the statement is not slander per se. The words "crooks and hijackers", when considered in the context in which they were used, can readily be interpreted as importing to plaintiffs fraud, dishonesty, misconduct or unfitness in their business, which constitutes slander per se (*Russo v Padovano,* 84 AD2d 925). A statement which concerns a person in his trade or business and tends to injure him therein is actionable per se (*Nichols v Item Publishers,* 309 NY 596, 600; *McCullough v Certain Teed Prods. Corp.,* 70

AD2d 771). Turning to the qualified privilege, it is settled that such a privilege arises where a person makes a bona fide communication upon a subject in which he has an interest and the communication is made to a person having a corresponding interest (*Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 60). The statement by defendant Browne, acting in his capacity as zone manager for one of plaintiffs' creditors, made to other creditors of plaintiffs, falls into the category of a common business interest, which gives rise to a qualified privilege (see *Brennan v Granite Equip. Leasing Corp.,* 60 AD2d 877; *Commonwealth Motor Parts v Bank of Nova Scotia,* 44 AD2d 375, affd 37 NY2d 824). The existence of such a privilege casts upon plaintiffs the burden of showing that in making the statement defendant abused the privilege by acting with actual malice motivated by ill will, spite or hostility, and in order to defeat a motion for summary judgment plaintiffs must meet this burden by showing evidentiary facts, not conclusions based upon surmise, conjecture and suspicion (*Shapiro v Health Ins. Plan of Greater N. Y., supra,* p 62). "Malice may not be inferred from falsity alone" (*Burns v Smith-Corona Marchant,* 36 AD2d 400, 401). The language of the statement may, however, "be so extravagant in its denunciations or so vituperative in its character as to justify an inference of malice" (*Ashcroft v Hammond,* 197 NY 488, 496; *Green v Kinsella,* 36 AD2d 677). In our view, it could reasonably be found that the use of the words "crooks and hijackers" went far beyond what was necessary to convey the message concerning the common business interest and, therefore, the statement, if false, could give rise to an inference of malice (compare *Mercedes-Benz of North Amer. v Finberg,* 58 AD2d 808, with *Green v Kinsella, supra;* see, also, *Vasquez v O'Brien,* 85 AD2d 791). Accordingly, since questions of fact exist, defendants' motions for summary judgment were properly denied. Plaintiff also submitted evidence concerning defendant Browne's motive for making the statement, but in view of the foregoing we need not decide whether such evidence, standing alone, would be sufficient to defeat a motion for summary judgment. Order affirmed, with one bill of costs to plaintiffs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.