■ JOSEPH LICITRA, Appellant, v JOSEPH A. FARALDO et al., Respondents.—In an action to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Queens County (Bambrick, J.), dated September 16, 1985, which granted the defendant Faraldo's motion for summary judgment dismissing the complaint insofar as it is asserted against him, and, upon searching the record, dismissed the complaint as against all the defendants.

Ordered that the order is affirmed, with costs to the respondent Faraldo.

The alleged defamatory statements which form the basis for this action were contained in certain letters sent by the defendants to the membership of the Standard Owners Association of New York, Inc. (hereinafter SOA), during the course of a contested election campaign in which the plaintiff and the defendant Faraldo were candidates. The defendants urged the membership not to elect the plaintiff and leveled certain charges against him which the plaintiff claims were libelous.

A bona fide communication made upon any subject matter in which the party communicating has an interest or duty is protected by a qualified privilege when it is made to a person having a corresponding interest or duty *(see, Stukuls v State of New York,* 42 NY2d 272, 278-279; *Kilcoin v Wolansky,* 75 AD2d 1, 6). Here, the communications were clearly privileged as they were sent to the SOA membership by the defendants in regard to their common interest in the upcoming election. In order to defeat this privilege the plaintiff had the burden of demonstrating that the defendants were motivated by actual malice or ill will *(Stukuls v State of New York, supra).* The plaintiff failed to offer any evidentiary proof which would raise a triable issue of fact with respect to this issue and thus, the court properly granted the motion for summary judgment *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).

Additionally, one of the challenged statements, that the plaintiff had "admittedly lied in court", was supported by documentary evidence, which the plaintiff failed to rebut. It is well settled that truth is an absolute defense to an action for libel (see, Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369; Fairley v Peekskill Star Corp., 83 AD2d 294). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.