Thomas M. McGovern, Respondent, v Peter Hayes, as President of the American Federation of Government Employees/Social Security Administration, Local 3343, et al., Appellants.

Third Department, February 4, 1988

**APPEARANCES OF COUNSEL**

*James W. Bendall (Carl E. Holsberger, Jr.,* of counsel), for appellants.

*James L. Pemberton (Paul Briggs* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Plaintiff's complaint sounds in defamation and alleges five causes of action. In the first, plaintiff, as district manager of the Social Security district office in Schenectady, complains that he was defamed by a letter, dated December 11, 1980, written by defendant Peter Hayes, as president of the American Federation of Government Employees/Social Security Administration, Local 3343 (hereinafter AFGE), with the approval of the other defendants as officers and representatives of AFGE, which was sent to the Office of Special Counsel of the Merit Systems Protection Board, a Federal agency charged with adjudicating complaints of Federal employees, as well as to other officials involved in Social Security and AFGE, and two Congressmen. The letter outlined in detail numerous instances in which plaintiff, in his official capacity, allegedly abused his authority and failed in the performance of his duties, especially in regard to his tendency to treat defendant Edward Marchand and others who were active in AFGE more severely than nonunion employees by subjecting them to humiliation and harsher penalties for various transgressions.

The closest that the letter approaches defamation appears in the following excerpts:

"[Plaintiff] is ordinarily satisfied * * * with the public or semi-public humiliation of the employee * * *

"Truly, there seems to be no end to the problems with [plaintiff]. We need only to speculate on where [plaintiff] will strike next. But, we know that he will strike * * *

"By personality and inclination, [plaintiff] cannot sit idly by when there is even a hint of a threat to his authority. Unions are consider *[sic]* such a threat * * *

"The taxpayer has subsidized [plaintiff's] idiosyncrasies already to the tune of several hundred thousand dollars."

The letter concludes with:

"I don't want to see [plaintiff] fired! I don't have any desire to see his head nailed on to the city gates! I do feel, however, that he should be removed from a supervisory status and his talents utilized in a more constructive manner.

"I urge your intervention on this matter.

"Sincerely yours,
"Peter Hayes,
"President."

The letter was stamped "Confidential—Membership Only". Additionally, this letter referred to a prior letter of September 1977 written by Marchand to Congressman Samuel Stratton. The 1977 letter alleged that management gave preferential treatment to those employees who were not active or vocal in their support of AFGE. Plaintiff was not specifically named in the 1977 letter, but various improprieties against the management, including implications of anti-Semitism and sexism, were alleged. However, a copy of the 1977 letter was not attached to the letter of December 11, 1980, nor were its contents set forth in detail. Plaintiff alleges, as his second cause of action, that the reference made to the 1977 letter constitutes its effective republication by Hayes and gives rise to a second cause of action. A direct action resulting from the 1977 letter is barred by the Statute of Limitations.

The third and fourth causes of action for defamation against defendant Linda J. Sherman and Marchand, respectively, relate to alleged oral and written statements they made about plaintiff. The fifth cause of action is against each defendant for conspiracy to defame plaintiff.

Defendants moved for summary judgment dismissing the five causes of action, claiming a qualified privilege. Supreme Court agreed that defendants were protected by a qualified privilege. However, Supreme Court found that a question of fact existed regarding plaintiff's allegations of malice and denied defendants' motion for summary judgment. Defendants appeal.

The thrust of both communications is that plaintiff, in his official capacity, tended to prefer nonunion employees to members of AFGE. This preferential treatment was expressed in general conclusions and by reference to some specific instances. Even if the communications are considered intemperate or unfair, they were stated in the context of a labor dispute by disgruntled union members and to a great extent are matters of pure opinion which in this setting are not actionable (see, Steinhilber v Alphonse, 68 NY2d 283, 288-290).

We also agree with Supreme Court that defendants, as officers and representatives of the union, enjoyed a qualified privilege as to their comments about plaintiff's performance of his duties as manager of the local Social Security office. This privilege permits publication of even actionable material in the public interest for the purpose of encouraging a full and fair statement by persons having a legal or moral duty to

communicate their knowledge and information about a person in whom they have an interest to another who also has an interest in such person *(Shapiro v Health Ins. Plan,* 7 NY2d 56, 60). This privilege arises from the common business interest of the parties *(Vacca v General Elec. Credit Corp.,* 88 AD2d 740), and renders statements actionable only when the plaintiff proves that the statements were false and that the defendant was actuated by express malice or actual ill will *(Shapiro v Health Ins. Plan, supra,* at 61). Actual malice denotes personal spite, ill will, culpable recklessness or negligence *(Hoeppner v Dunkirk Print. Co.,* 254 NY 95, 106), and malice may not be inferred from falsity alone *(Burns v Smith-Corona Marchant,* 36 AD2d 400, 401).

Here, in response to defendants' motion, plaintiff has made no such showing of the required malice by evidentiary facts, as he must do if defendants' motion is to be defeated *(see, Shapiro v Health Ins. Plan, supra,* at 64). Facts from which a jury could infer malice are not revealed. Defendants had a right and a duty to communicate their assessment of plaintiff's performance of his managerial duties to other interested persons *(see, Toker v Pollak,* 44 NY2d 211, 219). The burden then is plaintiff's to show that he has facts available to prove malice, and he has not done so. Suspicion, surmise and accusations are not enough. Earlier disputes are not evidence of malice *(Shapiro v Health Ins. Plan, supra,* at 64); nor was the language of the letter " 'so extravagant in its denunciations or so vituperative in its character as to justify an inference of malice' " *(Vacca v General Elec. Credit Corp., supra,* at 741, quoting *Ashcroft v Hammond,* 197 NY 488, 496). On the contrary, the letter itself reflects a lack of malice in its last paragraph quoted above.

For the same reason, i.e., lack of an evidentiary showing of malice, plaintiff's cause of action in respect to the letter of 1977 is, likewise, insufficient. Accordingly, the order appealed from should be reversed, defendants' motion for summary judgment should be granted and the complaint dismissed.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Order reversed, on the law, with costs, motion granted and complaint dismissed.