■ LYN CLARK, Respondent, v DAVID SOMERS et al., Defendants, and NINA SOMERS, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: We agree with defendant Nina Somers' contention that Supreme Court erred in denying her motion for summary judgment on plaintiff's defamation causes of action. She contends that her alleged defamatory statement was protected by a qualified privilege. We agree. " ' "A communication made bona fide upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, although it contained criminating matter which, without this privilege, would be slanderous and actionable" ' " (Shapiro v Health Ins. Plan, 7 NY2d 56, 60-61 [emphasis in original]; see also, Toker v Pollak, 44 NY2d 211, 219). Here, the alleged defamatory statements were made by defendant, a contract

computer consultant for the MIS subdivision of Xerox, to other Xerox employees, all of whom were concerned with the hiring of contract employees for Xerox. Since defendant had an interest and duty to speak regarding the subject matter of her communication, and since the comments were made to individuals who had a corresponding interest and duty, those statements were qualifiedly privileged (see, Murphy v Herfort, 140 AD2d 415, 416, lv denied 73 NY2d 701, rearg denied 73 NY2d 872; McGovern v Hayes, 135 AD2d 125, 127-128, lv denied 72 NY2d 803; Vacca v General Elec. Credit Corp., 88 AD2d 740; Baldwin v Shell Oil Co., 71 AD2d 907; De Sapio v Kohlmeyer, 52 AD2d 780). Once defendant had established that her statements were cloaked with a qualified privilege, in order to defeat her summary judgment motion plaintiff was required to submit evidentiary facts to establish that the comments were made with actual malice (see, Park Knoll Assocs. v Schmidt, 59 NY2d 205, 210-211; Shapiro v Health Ins. Plan, supra, at 64), i.e., that defendant's statements were actuated by personal spite, ill will, culpable recklessness or negligence (Shapiro v Health Ins. Plan, supra). Conjecture, surmise or suspicion are insufficient to meet that burden (see, Murphy v Herfort, supra; McGovern v Hayes, supra). Since plaintiff has failed to provide such evidentiary facts, defendant's motion for summary judgment must be granted (see, Murphy v Herfort, supra; McGovern v Hayes, supra; Harris v Alcan Aluminum Corp., 91 AD2d 830, affd 58 NY2d 1036).

Defendant further contends that the trial court erred in denying her motion to dismiss plaintiff's claim for interference with prospective contractual relations. It appears that plaintiff was granted leave to amend that cause of action and defendant has failed to appeal from that portion of Supreme Court's order; therefore, that issue is not before us. (Appeal from order of Supreme Court, Monroe County, Patlow, J.— summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.