■ BEVERLY D. WATSON, Respondent, v SHEARWOOD McCLELLAND et al., Appellants.—Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered October 6, 1989, which, after a jury trial, awarded plaintiff combined compensatory and punitive damages in the amount of $45,994.86 against defendant Shearwood McClelland, M.D., and combined compensatory and punitive damages in the amount of $35,077.67 against the defendant College of Physicians and Surgeons of Columbia University, unanimously modified, on the law and on the facts, to vacate the award of $10,000 in punitive damages against said defendant, and otherwise affirmed, without costs.

On October 14, 1983 the plaintiff, a certified registered nurse-anesthetist at Harlem Hospital, was assigned to administer anesthesia to a patient who was to receive a routine, nonemergency, shoulder operation. Dr. Shearwood McClelland, then the acting chief of orthopedic surgery at the hospital, was the attending surgeon responsible for the patient. He and the plaintiff had not previously met.

While plaintiff was preparing her medications, Dr. Rudolf,

another surgeon, asked if he could borrow some of her tape, to which she replied, "Get it yourself", and further remonstrated that she was busy getting her equipment together, that doctors did not help her to get her equipment together, and that her function was not to help the doctors, but the patient. Dr. McClelland testified that he was "surprised and annoyed" at that point, and that he answered, "If you're really concerned about this patient, then why are you late for this case?" In fact the plaintiff had arrived at the operating room early, but had left for a few minutes to get some medications, at which time the surgeons had arrived and, finding plaintiff absent, assumed that she was late. Plaintiff did not explain this, but rather replied "I don't have to talk to you", and left the operating room.

Plaintiff testified to a somewhat different version of the exchange in which her responses were more courteous, but, for purposes of this appeal, we will assume that Dr. McClelland's version, essentially corroborated by several witnesses, is accurate. Another nurse-anesthetist was brought in to assist with the surgery, and the procedure was completed without incident.

Several days later, Dr. McClelland wrote a letter to the director of the Department of Anesthesiology, with copies to several other physicians who, with the possible exception of Dr. Marvin Shelton, clearly had administrative responsibility at the hospital. The letter related Dr. McClelland's version of the encounter, and the essence of his inquiries to several staff members who purportedly described the plaintiff as "nasty", "spiteful", "unprofessional" and "dangerous". The letter went on to ascribe to plaintiff an "extremely anti-social nature", and to describe Dr. McClelland's "gut feeling" that plaintiff's "personality disturbance must at times border on the psychotic—and that one day she may actually place the life of one of her patients in jeopardy because of her brazen unwillingness to take professional direction from a physician in charge." Dr. McClelland asked that if plaintiff was not removed entirely from the hospital staff, that she be banned from all orthopedic surgery in the hospital.

The court properly submitted to the jury the question whether the letter was protected by a qualified privilege, since a factual issue was presented as to the administrative responsibility of Dr. Shelton (see, O'Neil v Peekskill Faculty Assn., 120 AD2d 36, 42, lv dismissed 69 NY2d 984). In any event, even if a qualified privilege did exist, there was ample evidence of malice in view of the grossly exaggerated and unjusti-

fied accusations contained in the letter *(Ashcroft v Hammond,* 197 NY 488, 496; *Vacca v General Elec. Credit Corp.,* 88 AD2d 740).

That portion of the judgment awarding punitive damages against the College of Physicians and Surgeons of Columbia University must be vacated. There was no evidence from which it could be inferred that Dr. McClelland was a "superior officer" of this defendant, for the purpose of imposing punitive damages. *(Loughry v Lincoln First Bank,* 67 NY2d 369.)* We have considered the defendants' other contentions and find them to be without merit. Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.