■ LEROY RABIDEAU, Appellant, v ALBANY MEDICAL CENTER

HOSPITAL et al., Respondents. [600 NYS2d 825] —Levine, J. Appeal from an order of the Supreme Court (Harris, J.), entered November 2, 1992 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

In January 1990 plaintiff, then age 49, was terminated from at-will employment as a mechanic with defendant Albany Medical Center Hospital (hereinafter the Hospital), based upon a report by defendant John Sweatman, his supervisor, that he had unauthorized possession of or had misappropriated Hospital property. Sweatman's oral and written reports concerning plaintiff's conduct were made to David Aldrich, the Hospital's manager of plant facilities. Plaintiff thereafter commenced this action against the Hospital and Sweatman alleging, *inter alia,* defamation based on Sweatman's statements to superiors, age discrimination and prima facie tort. After discovery was completed, Supreme Court granted defendants' motion for summary judgment dismissing plaintiff's complaint, finding that plaintiff had failed to raise any triable issues of fact as to any of the causes of action. Plaintiff now appeals.

Plaintiff's first contention is that there were outstanding issues of fact precluding granting summary judgment on his defamation cause of action. The uncontroverted evidence established that Sweatman observed a bulge under plaintiff's clothing as plaintiff was leaving work at the end of his shift on January 22, 1990. When Sweatman inquired about it, plaintiff admitted the bulge was concealed Hospital wiper blades. Sweatman promptly reported the incident to Aldrich. The next morning at a meeting with Sweatman and Aldrich, plaintiff acknowledged having made that admission to Sweatman, and then submitted a written statement explaining that he "pull[ed] a stunt" on Sweatman by making it appear that he took wipers, essentially to test Sweatman. At his deposition, plaintiff testified that when he was confronted by Sweatman, he was actually concealing his own personal screwdriver in his jacket; that his behavior in stating that he was concealing the wiper blades was in response to harassment by Hospital supervisors other than Sweatman, with whom he previously had a good working relationship; that Sweatman should have realized this because he was "smiling" when he made the statement; and that he explained all of this to Aldrich at their meeting the day after the incident.

Sweatman's oral and written statements to Hospital em-

ployees concerning plaintiff's conduct were subject to a qualified privilege, because they were made by a person having an interest in the subject to others with a corresponding interest in furtherance of the common interest of the employer *(see, Loughry v Lincoln First Bank,* 67 NY2d 369, 376; *Licitra v Faraldo,* 130 AD2d 555; *Mock v LaGuardia Hosp.-Hip Hosp.,* 117 AD2d 721, 722). The uncontroverted evidence was that Sweatman's alleged defamatory statements were communicated to and reviewed only by a limited number of people in Hospital management. As such, Sweatman's statements are not actionable for defamation absent proof that the statements were published by defendants with malice or ill will or with knowledge of their falsity or with reckless disregard of their accuracy *(see, Loughry v Lincoln First Bank, supra,* at 376; *Cosme v Town of Islip,* 63 NY2d 908, 909; *O'Rorke v Carpenter,* 55 NY2d 798, 799; *McGovern v Hayes,* 135 AD2d 125, 128, *lv denied* 72 NY2d 803; Restatement [Second] of Torts §§ 599-600, 603, comment *a).*

Even if Sweatman's accusations of plaintiff's theft of wiper blades were false, the evidence submitted by defendants on the motion prima facie refuted any inference of malice, i.e., Sweatman's observation that plaintiff was concealing something in his jacket when leaving work; plaintiff's admission of his possession of Hospital wiper blades; and plaintiff's failure to dispel Sweatman's misapprehension of his misconduct by revealing what he was actually concealing. Under these circumstances, Sweatman and Aldrich were not obliged to accept plaintiff's exculpatory explanation the day after the incident, and no ill will or malice can be inferred from their quite rational decision not to do so. Apart from his claim that defendants showed malice in rejecting his explanation, plaintiff's other averments regarding defendants' malice are purely conclusory and, thus, are also insufficient to defeat defendants' motion for summary judgment *(see, Mock v LaGuardia Hosp.-Hip Hosp., supra,* at 722). Accordingly, plaintiff's defamation action fails because of the absence of any probative evidence of malice to overcome defendants' qualified privilege *(see, Cosme v Town of Islip, supra; McGovern v Hayes, supra,* at 128).

We are also unpersuaded by plaintiff's next contention that Supreme Court erred in granting defendants summary judgment dismissing plaintiff's cause of action for age discrimination. Defendants submitted proof in admissible form constituting a prima facie defense to the age discrimination cause of action, i.e., a valid reason for plaintiff's discharge unrelated to

age, his admission of an attempted misappropriation of Hospital property *(see, Dea v Look,* 810 F2d 12, 15). Further, defendants submitted proof that plaintiff was not replaced but that his duties were absorbed by existing personnel whose responsibilities remained essentially the same; that the Hospital had hired another mechanic plaintiff's age approximately one month before this incident; and that there were many employees in the Plant Facilities Department who were approximately plaintiff's age or older. Defendants having rebutted any presumption of discrimination, the burden shifted to plaintiff to raise a material issue of fact as to whether defendants' articulated legitimate reasons were " ' not its true reasons, but were a pretext for discrimination' " *(Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937, 939, quoting *Texas Dept. of Community Affairs v Burdine,* 450 US 248, 253; *see also, McDonnell Douglas Corp. v Green,* 411 US 792, 804). Plaintiff has not produced any evidence demonstrating that age—and not his admission to attempted theft—was a motivating factor in his termination *(see, Dea v Look, supra; Gray v New England Tel. & Tel. Co.,* 792 F2d 251, 255; *Ioele v Alden Press,* 145 AD2d 29, 36). While plaintiff testified that a supervisor once made reference to his age, he conceded that age was never mentioned during the investigation of this incident and failed to offer any proof supporting his claim that age was a motivating factor in his discharge.

Finally, plaintiff has completely failed to submit evidence from which an inference of "disinterested malevolence" may properly be drawn and, thus, plaintiff's cause of action for prima facie tort was also properly dismissed *(see, Curiano v Suozzi,* 63 NY2d 113, 117; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *see also, American Bank & Trust Co. v Federal Reserve Bank,* 256 US 350, 358). Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing plaintiff's complaint.*

Weiss, P. J., Yesawich Jr., Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Because plaintiff failed to address in his brief Supreme Court's dismissal of his remaining causes of action, his appeal from such dismissals is deemed abandoned *(see, Lamphear v State of New York,* 91 AD2d 791).