[603 NYS2d 597]

CHARLES E. STUART, Appellant, v FREDERICK A. PORCELLO et al., Respondents.

Third Department, November 10, 1993

APPEARANCES OF COUNSEL

*Gary Greenwald,* Goshen, for appellant.

*Daniel A. Whalen,* Albany *(Paul J. Connolly* of counsel), for respondents.

**OPINION OF THE COURT**

CREW III, J.

At all times relevant hereto, plaintiff was a State Trooper and president of the New York State Troopers Police Benevolent Association, Inc. (hereinafter the PBA), a State Police

labor union. On July 17, 1979, plaintiff was arrested by defendants Steven L. Sleurs and Donald J. Greeley, also State Troopers, on charges of grand larceny in the third degree (Penal Law former § 155.30) and falsifying business records in the first degree (Penal Law § 175.10). The charges stemmed from plaintiff's alleged misappropriation of PBA funds. The matter was subsequently brought before an Albany County Grand Jury, which declined to indict plaintiff.

Plaintiff thereafter commenced this action setting forth in his amended complaint causes of action sounding in defamation, false arrest, malicious prosecution and intentional infliction of emotional distress. Following joinder of issue and discovery, defendants moved for summary judgment. Supreme Court granted defendants' motion and plaintiff moved for reconsideration. Supreme Court denied plaintiff's motion and these appeals by plaintiff followed.*

With respect to plaintiff's defamation causes of action, we must first determine whether the statements complained of are reasonably susceptible to a defamatory connotation (see, e.g., Samuels v Berger, 191 AD2d 627, 628-629; Sweeney v Prisoners' Legal Servs., 146 AD2d 1, 4, lv dismissed 74 NY2d 842). To that end, we must construe the statements "in the context of the article or publication as a whole * * * and from the standpoint of the average reader" (Samuels v Berger, supra, at 629; see, James v Gannett Co., 40 NY2d 415, 419-420). A statement may be deemed defamatory if it imputes to the plaintiff improper or illegal conduct (see, Sweeney v Prisoners' Legal Servs., supra, at 5).

■ Here, plaintiff has alleged that he was defamed by two statements made or adopted by defendants: (1) a letter dated August 16, 1979 from Greeley to certain members of the PBA stating that plaintiff "has lied to you, stolen from you, defrauded and misrepresented you, your PBA, the [State Police] and the people of this State", and (2) a press release, which was published on August 24, 1979 in the Albany Times Union, indicating that plaintiff was removed from the PBA by its governing body and that " '[t]he evidence against [plaintiff was] convincing and more than sufficient to warrant his

---

* Plaintiff has failed to brief the denial of his motion for reconsideration and, therefore, this issue has been waived (see, First Natl. Bank v Mountain Food Enters., 159 AD2d 900, 901). Moreover, Supreme Court properly treated the motion as a motion to reargue, the denial of which is not appealable (see, Stancage v Stancage, 173 AD2d 1081, lv denied 78 NY2d 1062).

removal from membership in [the PBA]' ". Viewing each communication as a whole and from the standpoint of an ordinary reader, we conclude that both the August 16, 1979 and the August 24, 1979 statements are reasonably susceptible to a defamatory interpretation and, hence, are actionable in the first instance.

Having so concluded, we must next consider whether defendants' statements are subject to any privilege. Contrary to plaintiff's assertion, we are of the view that Supreme Court properly determined that plaintiff was a public official. It is true that the conduct underlying the defamatory statements did not occur in the course of plaintiff's employment as a State Trooper (compare, Malerba v Newsday, Inc., 64 AD2d 623; Orr v Lynch, 60 AD2d 949, affd 45 NY2d 903). There is, however, a sufficient nexus between plaintiff's capacity as a State Trooper and his status as president of the PBA to cast plaintiff in the role of a public official, and both defendants' August 16, 1979 and August 24, 1979 statements directly implicated plaintiff's ability to serve in his official capacity (see, e.g., Scacchetti v Gannett Co., 123 AD2d 497; Dally v Orange County Publs., 117 AD2d 577). Thus, to prevail, plaintiff was required to establish "by clear and convincing evidence that the defendant[s] published the defamatory statement[s] with actual malice, i.e., with 'knowledge that [they were] false or with reckless disregard of whether [they were] false or not' " (Masson v New Yorker Mag., 501 US —, —, 111 S Ct 2419, 2429, quoting New York Times Co. v Sullivan, 376 US 254, 280). Our review of the record before us indicates that plaintiff's proof in this regard fell far short of the required standard and, therefore, defendants' motion for summary judgment on the defamation causes of action was properly granted on this basis.

■ Additionally, we agree with Supreme Court's determination that the August 16, 1979 statement is also subject to the qualified "common interest" privilege. Simply stated, "[a] bona fide communication made upon any subject matter in which the party communicating has an interest or duty is protected by a qualified privilege when it is made to a person having a corresponding interest or duty" (Licitra v Faraldo, 130 AD2d 555; see, Liberman v Gelstein, 80 NY2d 429, 437; Rabideau v Albany Med. Ctr. Hosp., 195 AD2d 923, 924-925; Clark v Somers, 162 AD2d 982). The protection afforded by this privilege may be dissolved, however, if it can be established that the state-

ment was made with "malice" as that term is defined under either the actual malice standard set forth in *New York Times Co. v Sullivan* (376 US 254, *supra)* or the common-law definition *(see, Liberman v Gelstein, supra,* at 437-438).

Here Greeley, who had been elected to the PBA Board of Directors by members of the State Bureau of Criminal Investigation (Eastern Division), made the August 16, 1979 statement in the context of a letter sent to his constituents criticizing plaintiff's performance as president. Plainly, both the author and the recipients of that letter had a common interest in the subject matter of Greeley's communication, i.e., plaintiff's alleged misappropriation of PBA funds and purported interference with then-pending contract negotiations with the State. Inasmuch as plaintiff failed to tender sufficient evidentiary proof to raise a question of fact as to malice, Greeley's August 16, 1979 statement is protected by the "common interest" privilege and is not actionable *(see generally, Rabideau v Albany Med. Ctr. Hosp., supra,* at 925; *McGovern v Hayes,* 135 AD2d 125, 128, *lv denied* 72 NY2d 803). In light of these findings, we need not address defendants' additional claims of privilege.

The remaining issues raised on appeal do not warrant extended discussion. The record before us establishes that Greeley and Sleurs had in their possession sufficient facts, including evidence that plaintiff had submitted a voucher seeking reimbursement for what purported to be PBA-related expenses incurred during a period of time when plaintiff was known to be on a personal vacation in another State, to provide them with probable cause for plaintiff's arrest. Accordingly, plaintiff's causes of action for false arrest and malicious prosecution were properly dismissed *(see generally, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Navarro v Federal Paper Bd. Co.,* 185 AD2d 590). Finally, as to plaintiff's cause of action for intentional infliction of emotional distress, we agree that this claim is duplicative of plaintiff's other causes of action and, in any event, the record fails to offer any evidence of extreme and outrageous conduct on the part of defendants *(see, Navarro v Federal Paper Bd. Co., supra,* at 593-594). Plaintiff's remaining arguments have been examined and found to be lacking in merit.

MIKOLL, J. P., YESAWICH JR., MERCURE and MAHONEY, JJ., concur.

Ordered that the order entered April 9, 1992 is affirmed, without costs.

Ordered that the appeal from the order entered September 14, 1992 is dismissed, without costs.