■ INGRID DEISING, Appellant, v TOWN OF ESOPUS, Respon-

dent. [611 NYS2d 964] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered March 2, 1993 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

In April 1985, plaintiff applied for and received a building permit to construct a two-family house in the Town of Esopus, Ulster County. The house was completed and a certificate of occupancy was issued. Thereafter, acting upon a complaint, the Town Building Inspector conducted an inspection of plaintiff's premises. In or about December 1988, a criminal action was commenced against plaintiff charging her with three violations of the Town Zoning Law, premised upon allegations that the premises contained four dwelling units instead of the two permitted. The charges were dismissed in Town Justice Court and County Court dismissed defendant's notice of appeal for failing to perfect a timely appeal.

On or about May 21, 1990 defendant commenced a civil action against plaintiff seeking a permanent injunction. Plaintiff answered and moved for summary judgment. At a subsequent conference, defendant agreed to a settlement whereby Supreme Court would issue an order directing plaintiff to abide by the Town Zoning Law. By letter dated November 21, 1991, plaintiff's counsel advised the court that plaintiff would not stipulate to any settlement which did not fully exonerate her and reimburse her for legal expenses. Supreme Court signed the settlement order dated December 17, 1991 and no appeal was filed. Instead, plaintiff served a notice of claim and commenced an action against defendant alleging causes of action for malicious prosecution, abuse of process, intentional infliction of emotional distress and prima facie tort. Defendant moved to dismiss the complaint for untimeliness and failure to state a cause of action. Supreme Court, treating the motion as one for summary judgment (see, CPLR 3211 [c]), granted defendant's motion. Plaintiff appeals. We affirm.

Plaintiff's failure to appeal or otherwise challenge the December 17, 1991 order ended her right to raise issues relating to that order. Thus, plaintiff's claim that defendant was collaterally estopped from relitigating the same issues in its civil action for injunction after dismissal of the criminal action is not reviewable on this appeal from the order and judgment entered March 2, 1993. Similarly unpreserved is plaintiff's belated claim that the prior action seeking a permanent injunction was not, as Supreme Court found, terminated by agreement of the parties (see, *Levy's Stores v Endicott-*

*Johnson Corp.,* 272 NY 155) and did not require dismissal of her malicious prosecution action.[1]

We further find that plaintiff's allegations are insufficient to sustain an action for intentional infliction of emotional distress. Commencement of both criminal and civil actions seeking enforcement of zoning laws and, in the process, sending copies of the inspection report to 26 people including each member of the Town Board, Planning Board, Zoning Board of Appeals, the assessor and two neighbors who had complained, is not conduct which is "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Restatement [Second] of Torts § 46 [1], comment *d; accord, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303).

Plaintiff's proof in support of her claim for prima facie tort does not demonstrate that defendant was motivated solely by " 'disinterested malevolence' " *(Matter of Schulz v Washington County,* 157 AD2d 948, 950; *see, Rabideau v Albany Med. Ctr. Hosp.,* 195 AD2d 923, 926). Furthermore, because defendant's conduct was prompted by a complaint and defendant has a duty to enforce its building codes, plaintiff's evidence fails to show that defendant acted without excuse or justification in pursuing the enforcement actions *(see, Matter of Schulz v Washington County, supra).*

Finally, plaintiff's claim that Supreme Court's decision was tainted by alleged ex parte communications with an interested nonparty is not supported by any proof in the record and is therefore rejected.[2]

White, Casey, Weiss and Peters, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

**1.** In any event, we note that this action is time barred by the applicable one-year and 90-day Statute of Limitations *(see,* General Municipal Law § 50-i; CPLR 215 [3]). Plaintiff's cause of action accrued on January 31, 1990, the date the order in the criminal action was entered *(see, Lancaster v Kindor,* 98 AD2d 300, 308). Plaintiff did not commence her action until September 8, 1992.

**2.** Because plaintiff has failed to address in her brief Supreme Court's dismissal of her cause of action for abuse of process, that issue is deemed abandoned *(see, Rabideau v Albany Med. Ctr. Hosp., supra,* at 926; *Lamphear v State of New York,* 91 AD2d 791).