■ ANNE M. HAYWOOD, Respondent, v UNIVERSITY OF ROCHESTER et al., Appellants. [619 NYS2d 443] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying that part of defendants' motion for summary judgment seeking dismissal of plaintiff's first cause of action, for defamation. The November 22, 1988 memorandum was protected by a qualified privilege *(see, Clark v Somers,* 162 AD2d 982, 983), and plaintiff did not demonstrate that its contents were so exaggerated, unjustified, or extravagant as to justify an inference of malice *(cf., Watson v McClelland,* 168 AD2d 389, *lv denied* 78 NY2d 854; *Misek-Falkoff v Keller,* 153 AD2d 841). Nor did plaintiff establish by clear and convincing evidence defendants' knowledge of the falsity of the statements or reckless disregard in determining their truth *(see, Ferraro v Finger Lakes Racing Assn.,* 182 AD2d 1072, 1073).

The court further erred in denying that part of defendants' motion for summary judgment seeking dismissal of plaintiff's second cause of action, for breach of contract. The statements of defendants Hoekelman and Joynt concerning laboratory space for plaintiff upon her return from a sabbatical leave did not give rise to a contractual right and were nothing more than statements of future intention *(see, Cushman & Wakefield v Equitable Life Assur. Socy.,* 143 AD2d 611, 612).

The court also erred in denying that part of defendants' motion for summary judgment seeking dismissal of plaintiff's third cause of action, for prima facie tort. Defendants established entitlement to summary judgment by the submission of evidentiary proof in admissible form demonstrating that their acts were not based upon an improper or malicious motive or

reason, but were based upon a desire to promote their legitimate business interests. Plaintiff failed to show by admissible proof the existence of a triable issue of fact regarding an improper motivation or reason for defendants' decision to seek to revoke her tenure *(see, Ferraro v Finger Lakes Racing Assn., supra; see also, Amodei v New York State Chiropractic Assn.,* 160 AD2d 279, 282, *affd* 77 NY2d 890). (Appeal from Order of Supreme Court, Monroe County, Corning, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Wesley and Doerr, JJ.