■ Sheila Brownlee, Appellant, v Phillip Guarino, Doing Business as Guarino's Evergreens, Respondent. [689 NYS2d 569] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion to dismiss the complaint in this personal injury action as time-barred (*see,* CPLR 3211 [a] [5]). Plaintiff timely filed a complaint mistakenly naming as defendants parties who neither owned nor had any interest in the property where plaintiff was injured. Four months after expiration of the Statute of Limitations, plaintiff filed and served an amended complaint upon defendant, the proper party. The causes of action in the amended complaint may not be deemed interposed when the original complaint was filed because defendant was not united in interest with the defendants mistakenly named in the original complaint (*see,* CPLR 203 [c]; *see generally, Mondello v New York*

*Blood Ctr.,* 80 NY2d 219, 226-227). Those defendants are not vicariously liable for defendant's alleged negligence; they had no relationship either to the property where plaintiff was injured or to the contract under which defendant is alleged to have negligently performed his duty to clear ice and snow (*see, Mondello v New York Blood Ctr., supra,* at 226-227; *see also, Cuello v Patel,* 257 AD2d 499; *Feszczyszyn v General Motors Corp.,* 248 AD2d 939). (Appeal from Order of Supreme Court, Wayne County, Sirkin, J.—Dismiss Pleading.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.