■ In the Matter of William H. Williams, III, Respondent, v County of Genesee, Appellant. (Action No. 1.) William H. Williams, III, Appellant, v Civil Service Employees Association, Inc., et al., Defendants, and Martha Standish et al., Respondents. (Action No. 2.) [762 NYS2d 724] —Appeal and cross appeal from an order of Supreme Court, Genesee County (Rath, Jr., J.), entered February 27, 2002, which, inter alia, granted the motion of defendants County of Genesee, Martha Standish, Veronica Frost, Mary A. Haitz, Kathy L. Hartwig, Suzanne C. Palone, Dawn M. Waters, Charles Venditte, and Jean Wiater for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced these actions seeking damages stemming from the alleged wrongful termination of

his employment with the County of Genesee (County), the defendant in action No. 1. Defendants Martha Standish, Veronica Frost, Mary A. Haitz, Kathy L. Hartwig, Suzanne C. Palone, Dawn M. Waters, Charles Venditte, and Jean Wiater in action No. 2 (individual defendants) are current or former employees of the County. Those defendants moved together with the County in action No. 1 for summary judgment dismissing the remaining claims in the complaint against the County and the causes of action in the complaint against the individual defendants.

Supreme Court properly denied that part of the motion seeking summary judgment dismissing the remaining claims in action No. 1 against the County. The claims in that action are based on the County's alleged breach of an agreement between plaintiff and the County requiring that certain procedural due process rights be afforded plaintiff. In support of the motion, the County established that the agreement arises from letters sent by County representatives to plaintiff in which the County representatives set forth that plaintiff would be provided with an opportunity to respond to the allegations against him. The County met its initial burden on the motion by establishing that it afforded plaintiff the opportunity to discuss the charges with the County Manager and to submit a written statement to the County Legislature. Plaintiff, however, raised a triable issue of fact whether the County breached the agreement. Plaintiff asserted in an opposing affidavit that he refrained from discussing his suspension with members of the County Legislature and other County employees as instructed by the County Manager and the attorney for the County. Plaintiff further asserted that he was not informed of all the charges against him and was not given an opportunity to respond to the charges.

The court properly granted that part of the motion seeking summary judgment dismissing the causes of action against the individual defendants in action No. 2. In the slander cause of action, plaintiff alleged that Frost, Venditte, and Wiater made various statements about him on February 7, 1997 during a meeting with the County Manager and the Personnel Officer for the County. With respect to Venditte and Wiater, we agree with the County and the individual defendants that the slander cause of action was time-barred by the applicable one-year statute of limitations (*see* CPLR 215 [3]). Plaintiff commenced action No. 2 on January 21, 1998 by filing a summons with notice and paying the filing fee. The action, however, "remain[ed] inchoate until follow-up service [was] effected and proof of ser-

vice filed" (*Matter of Gershel v Porr*, 89 NY2d 327, 331 [1996]; *see* CPLR 306-b; *Louden v Rockefeller Ctr. N.*, 249 AD2d 25, 26 [1998]). Plaintiff never served that summons on any of the defendants in action No. 2. The summons listed Frost as a defendant, but not Venditte or Wiater. On March 19, 1998, plaintiff filed an "amended summons with notice" against the same defendants as those named in the original summons using the same index number as that used for the original summons, but plaintiff also added Venditte and Wiater as defendants. The "amended summons with notice" was served on the individual defendants between May 13 and May 15, 1998.

The "amended summons" in this case was actually a supplemental summons because plaintiff added new parties to the action (*see Connell v Hayden*, 83 AD2d 30, 37 [1981]; *Miller v Farina*, 58 AD2d 731, 731-732 [1977]). The action was timely commenced with respect to Frost, who was named in the original summons. With respect to Venditte and Wiater, however, the statute of limitations continued to run until plaintiff filed the supplemental summons. The slander cause of action against those defendants may not be said to relate back to the slander cause of action against Frost because those defendants were not "united in interest" (CPLR 203 [c]; *see Brownlee v Guarino*, 261 AD2d 832, 832-833 [1999]; *see generally Buran v Coupal*, 87 NY2d 173, 177-178 [1995]).

We further conclude that Frost, Venditte, and Wiater were entitled to summary judgment dismissing the slander cause of action against them because the County and the individual defendants established that the statements of those three defendants were protected by a qualified privilege (*see Foster v Churchill*, 87 NY2d 744, 751 [1996]; *Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 60-61 [1959]), and plaintiff failed to raise an issue of fact whether the statements were motivated by the requisite actual malice, i.e., ill will, personal spite, culpable recklessness or negligence, to defeat the privilege (*see Stillman v Ford*, 22 NY2d 48, 53 [1968]; *Clark v Somers*, 162 AD2d 982, 983 [1990]; *Murphy v Herfort*, 140 AD2d 415, 416-417 [1988], *lv denied* 73 NY2d 701 [1988], *rearg denied* 73 NY2d 872 [1989]; *see also Foster*, 87 NY2d at 751-752; *Anas v Brown*, 269 AD2d 761 [2000]). The slander cause of action is based on statements made by Frost, Venditte, and Wiater during an employee meeting convened by the County Manager and Personnel Officer for the County to discuss concerns that the County employees had with respect to plaintiff's job performance.

Frost, Venditte, and Wiater, as employees of the County, had not only an interest in expressing those concerns but also a duty to do so, and the County Manager and Personnel Officer had a corresponding interest and duty. Thus, a qualified privilege exists because the statements were "made to persons who have some common interest in the subject matter" (*Frost*, 87 NY2d at 751; *see Sanderson v Bellevue Maternity Hosp.*, 259 AD2d 888, 889-891 [1999]; *Boyle v Stiefel Labs.*, 204 AD2d 872, 875 [1994], *lv denied* 84 NY2d 803 [1994]; *Clark*, 162 AD2d at 982-983). "Suspicion, surmise and accusation are not enough" to defeat the qualified privilege (*Shapiro*, 7 NY2d at 64; *see Clark*, 162 AD2d at 983), and "[e]arlier disputes are not evidence of malice" (*McGovern v Hayes*, 135 AD2d 125, 128 [1988], *lv denied* 72 NY2d 803 [1988]; *see Shapiro*, 7 NY2d at 64).

We further agree with the County and the individual defendants that the court properly granted those parts of the motion seeking summary judgment dismissing the third cause of action against those defendants against whom the cause of action was asserted, alleging "intentional interference with employment/business relationship," and the fifth cause of action against Standish alleging "intentional interference with contract and business relationship." Plaintiff has not alleged that he had an employment contract with the County, and thus the third and fifth causes of action are merely an improper attempt by plaintiff to circumvent the at-will employment rule. Because no employment contract existed, plaintiff cannot maintain a cause of action for tortious interference with contract against those individual defendants (*see Ameral v Johnson*, 194 AD2d 976, 976-977 [1993]). Plaintiff's employment was terminable at will, and thus the third and fifth causes of action actually allege tortious interference with employment. However, "plaintiff here cannot be allowed to evade the employment at-will rule and relationship by recasting his cause[s] of action in the garb of a tortious interference with his employment" (*Ingle v Glamore Motor Sales*, 73 NY2d 183, 189 [1989]; *see Thawley v Turtell*, 289 AD2d 169 [2001]; *Miller v Richman*, 184 AD2d 191, 194 [1992]). Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.