■ ANTHONY ANNONIO, Respondent, v VINCENT BALZANO, Respondent, and SAMUEL F. MORRELL, Appellant.—Order insofar as appealed from unanimously reversed on the law with costs and appellant's motion granted. Memorandum: Plaintiff, a professional jockey, sued Balzano, a fellow jockey, and Morrell, the owner of the horse ridden by Balzano, to recover for injuries suffered by plaintiff in a horse race. The accident occurred when defendant's horse clipped the hooves of the horse in front of it, causing defendant to fall from his horse into the path of plaintiff's horse. Plaintiff's horse tripped over

Balzano and fell, throwing plaintiff to the ground and injuring him. In his first cause of action, plaintiff seeks to impose direct liability on Balzano and vicarious liability on Morrell for Balzano's alleged "reckless" and "wanton" act. Plaintiff's EBT and affidavit make clear that the gravamen of his claim is that Balzano "intentionally" and "deliberately" threw himself off his horse "for no reason". In his second cause of action plaintiff alleged that Morrell was negligent in hiring and supervising Balzano. Morrell appeals from an order denying his motion for summary judgment dismissing the complaint against him in its entirety on the grounds that he cannot be vicariously liable for the alleged intentional act of Balzano and that there is no proof that he was negligent in hiring and supervising the jockey.

Morrell's motion for summary judgment should have been granted. Accepting as true plaintiff's contentions that Balzano deliberately threw himself off his horse, Morrell cannot be held liable under the doctrine of respondeat superior. It cannot be concluded that such an unforeseeable willful act was in furtherance of Morrell's business or within the scope of Balzano's employment *(see, Ryan v State of New York,* 56 NY2d 561; *Cornell v State of New York,* 46 NY2d 1032, 1033; *Muller v Hillenbrand,* 227 NY 448, 451-452; *Moritz v Pines Hotel,* 52 AD2d 1020; *Gibilaro v Lomax Trading Corp.,* 22 AD2d 703, *affd* 16 NY2d 898). Moreover, the evidence adduced on the motion shows that Balzano's conduct was at most negligent and did not rise to the level of recklessness necessary to sustain the complaint. Plaintiff himself conceded that falling from one's horse during a race is commonplace and can be caused by clipping the hooves of another horse *(see, Turcotte v Fell,* 68 NY2d 432, 440). Moreover, plaintiff has not alleged that Balzano was guilty of "foul riding". Since plaintiff has not shown recklessness on Balzano's part, plaintiff's first cause of action is barred by the doctrine of assumption of risk and the respondeat superior claim against Morrell must be dismissed *(Turcotte v Fell, supra,* at 440-442).

Morrell is also entitled to summary judgment dismissing the second cause of action alleging that he was negligent in hiring and supervising Balzano. Morrell sustained his initial burden on the motion by showing that Balzano was a skilled and competent professional jockey of over 12 years' experience and that his trainer hired Balzano in reliance on his skill and experience after observing him ride in practice sessions. In response, plaintiff failed to submit any proof demonstrating that Morrell or his trainer knew of any reason to doubt

Balzano's competence or that Balzano in fact had been involved in any incidents suggesting incompetence or lack of skill. (Appeal from order of Supreme Court, Monroe County, Provenzano, J.—summary judgment.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.