■ JEANETTE BREEN, Appellant, v BERNARD P. LEONARD, Respondent. [604 NYS2d 169] —In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Becker, J.), entered July 10, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff is a certified nurse-midwife. In 1989 she delivered a baby girl at the patient's home as part of her home birth practice. The defendant, a pediatrician, who first saw the infant a few days later, observed that the infant was jaundiced and instructed the parents to immediately take the newborn to a certain hospital for bilirubin testing and possible admission. The parents decided they would not follow the defendant's instructions, but agreed to have the test performed at an outside laboratory.

The visit to the laboratory was delayed, and the defendant attributed this delay to the plaintiff. The test result showed what the defendant considered to be a potential risk of jaundice, and the defendant wanted the infant retested that night at a hospital. The parents resisted, and the defendant threatened to report them to the proper authorities.

The plaintiff obtained a new pediatrician, who took over the case. The plaintiff disagreed with the defendant and advised the parents they could wait until the next morning for the retesting. The results of the retesting were that the condition had subsided and the infant needed no hospitalization. Thereafter, the defendant forwarded a letter to the Chair of the Department of Obstetrics and Gynecology of a hospital where the plaintiff was permitted to practice. The plaintiff, believing that the letter was libelous and malicious, and resulted in the termination of her hospital privileges, sued the defendant to recover damages for defamation. The defendant successfully moved for summary judgment dismissing the complaint, on the ground that the letter was protected by a qualified privilege and the plaintiff had failed to present evidence of malice. We reverse.

The defendant's letter was cloaked with a qualified privilege, because the defendant either had a duty to speak, in accordance with his profession, or a professional interest in the treatment of this newborn, in common with the recipient of the letter (see, Murphy v Herfort, 140 AD2d 415; Garson v Hendlin, 141 AD2d 55, 60; Satler v Larsen, 131 AD2d 125, 130). As Chair of the Department of Obstetrics and Gynecology at the hospital where the newborn was retested, the recipient had an interest in the treatment and testing of the newborn at his hospital's laboratory. Likewise, the defendant had that same interest in his patient, the newborn, despite the fact that the defendant had recently relinquished the case to another pediatrician. A moral or social duty will suffice to cloak a defendant with a qualified privilege when the statements are made "in the performance of such duty" (Shapiro v Health Ins. Plan, 7 NY2d 56, 61).

Where a qualified privilege exists, malice may be shown by demonstrating that the alleged defamatory statements were known to be false at the time of publication. Such evidence will defeat a defendant's motion for summary judgment dismissing the complaint (see, O'Rorke v Carpenter, 55 NY2d 798, 799). The defendant has indicated he made an allegedly defamatory statement of fact, knowing it was false at the time he published it. In the letter, the defendant stated that he had "learned of other efforts of [the plaintiff] to control a situation totally out of her realm of responsibility or expertise", and that the plaintiff had "interposed her limited knowledge * * * to thwart the close monitoring of a newborn". The defendant admitted at his deposition that he never learned of such other efforts by the plaintiff. Furthermore, the defendant never made an effort to ascertain the correctness of his factual assertions with respect to the scope of a nurse-midwife's responsibility or the plaintiff's expertise.

The defendant argues that his statements constitute nonactionable opinion. However, we find that they were factual assertions, not opinion. "An expression of opinion is exempt from the libel laws if it sets forth the objective facts upon which the opinion is based * * * if the facts are true" (Ocean State Seafood v Capital Newspaper, 112 AD2d 662, 665). Furthermore, the statements are definite, unambiguous and capable of being objectively characterized as true or false (see generally, Gross v New York Times Co., 82 NY2d 146; cf., Hollander v Cayton, 145 AD2d 605, 606). A jury could infer malice from those facts, based on the defendant's knowledge of the falsity of his statements or his recklessness in making

the statements *(see, Pecue v West,* 233 NY 316, 323). Therefore, the plaintiff has put forth evidentiary facts from which a jury could infer the defendant's malice, raising a triable issue and precluding summary judgment. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.