■ JERRY BISSO, Appellant, v CONNIE DE FREEST et al., Respondents. [674 NYS2d 824] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered April 4, 1997 in Columbia County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff's employment as a nursing technician at defendant St. Francis Hospital was terminated after it was determined that he had subjected a female co-worker to sexual harassment. Shortly thereafter, at a staff meeting attended by approximately 15 of his former co-workers, plaintiff's supervisor, defendant Connie De Freest, answered a question regarding plaintiff's absence by announcing that he had been "terminated for engaging in sexual harassment". Upon learning of this remark, plaintiff commenced the instant defamation action. Supreme Court granted defendants' motion for summary judgment dismissing the complaint and this appeal ensued. We affirm.

The statement in question was protected by the limited privilege that attaches to communications "made by a person having an interest in the subject to others with a corresponding interest in furtherance of the common interest of the employer" (*Rabideau v Albany Med. Ctr. Hosp.*, 195 AD2d 923, 925; *see*, *Loughry v Lincoln First Bank*, 67 NY2d 369, 376). It is uncontested here that the statement at issue was communicated to a limited number of people, all of whom were hospital employees who had worked with plaintiff and who had a legitimate interest in knowing that a serious sanction had been imposed for the violation of a workplace rule. Given the absence of any showing that the statement was made with malice, knowledge of its falsity or reckless disregard for its accuracy (having been made by the individual who had investigated the charges and was satisfied with their accuracy), the qualified privilege applies (*see*, *Boyle v Stiefel Labs.*, 204 AD2d 872, 875, *lv denied* 84 NY2d 803; *Jung Hee Lee Han v State of New York*, 186 AD2d 536, 537).

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.