■ PATRICK S. TEIXEIRA, Appellant, v CHERYL KORTH et al., Respondents. [699 NYS2d 859] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On February 25, 1994, plaintiff, an employee of defendant Mount St. Mary's Hospital (Hospital), fell in the Diagnostic Imaging Department. A few days after the accident, one of plaintiff's co-workers, defendant Patricia Croft, reported to her supervisor, defendant Cheryl Korth, that she had spoken with plaintiff's brother, who told her that plaintiff had fallen in a driveway. Korth reported that information to her supervisor, who informed personnel in Human Resources. After obtaining a written statement from Korth concerning the information she obtained from Croft, the Hospital controverted plaintiff's claim for Workers' Compensation benefits. At the Workers' Compensation hearing, plaintiff's brother testified that he never made the remark attributed to him by Croft and that he first learned of his brother's fall from Korth. The Workers' Compensation Board found in favor of plaintiff. Plaintiff then commenced this defamation action against the Hospital, Croft and Korth. Supreme Court granted

the motions of the Hospital and Korth and the cross motion of Croft for summary judgment dismissing the complaint. The court held that the statements were protected by a qualified privilege and that plaintiff failed to raise a triable issue of fact whether the statements were made with malice.

We agree with the court that the statements are protected by a qualified privilege (see, Rabideau v Albany Med. Ctr. Hosp., 195 AD2d 923). Therefore, absent an affirmative showing that the statements were made with malice or ill will, knowledge of their falsity or reckless disregard for their accuracy, a defamation action does not lie (see, Bisso v De Freest, 251 AD2d 953). Once a qualified privilege is established, the burden shifts to plaintiff to demonstrate with "convincing clarity" that the statements were made with malice (Freeman v Johnston, 84 NY2d 52, 57, cert denied 513 US 1016).

The court properly granted the motion of Korth and dismissed the complaint against her. Plaintiff failed to demonstrate with "convincing clarity" that the reporting by Korth to her supervisor the information that she received from a coemployee was done with knowledge of the falsity of the information or with reckless disregard for the accuracy of the information. Plaintiff contends that Korth knew that Croft's statements were false because Korth saw plaintiff fall at work. That does not mean, however, that plaintiff could not also have fallen in a driveway.

The court erred, however, in granting the cross motion of Croft and dismissing the complaint against her. Although Croft testified at a deposition that plaintiff's brother told her that plaintiff fell in a driveway, plaintiff's brother testified at the Workers' Compensation hearing that he never encountered Croft after his brother's accident, nor did he make the statement attributed to him. Plaintiff, therefore, raised an issue of fact whether Croft made the statement with knowledge of its falsity (see, Sanderson v Bellevue Maternity Hosp., 259 AD2d 888).

The court properly granted the motion of the Hospital and dismissed the complaint against it. If Croft had fabricated the conversation with plaintiff's brother, she would not have been acting within the scope of her employment and the Hospital would not be liable for her conduct (see, Joshua S. v Casey, 206 AD2d 839; Annonio v Balzano, 139 AD2d 943, 944, lv denied 72 NY2d 806). (Appeal from Order of Supreme Court, Niagara County, Fahey, J.—Summary Judgment.) Present—Lawton, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.