■ RICHARD C. ACKERMAN et al., Appellants, v ARTHUR S. BECHHOEFER, Respondent. (Action No. 1.) TIMOTHY L. MC-MICHAELS et al., Appellants, v ARTHUR S. BECHHOEFER, Respondent. (Action No. 2.) JOHN E. NICOLO et al., Appellants, v ARTHUR S. BECHHOEFER, Respondent. (Action No. 3.) [706 NYS2d 286] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In an earlier appeal, we affirmed an order denying defendant's motion for summary judgment (*McMichaels v Bechhoefer*, 214 AD2d 950). We agreed with Supreme Court that defendant's July 17, 1993 letter to the United States Drug Enforcement Agency is afforded a qualified privilege (*see, Toker v Pollack*, 44 NY2d 211, 220; *Chapo v Premier Liq. Corp.*, 259 AD2d 1050). The court allowed plaintiffs discovery on the issue whether the qualified privilege is "dissolved" on the basis that the letter was published with either common-law or constitutional malice (*see, Liberman v Gelstein*, 80 NY2d 429, 437-438). Following extensive discovery, the court granted defendant's motion for summary judgment dismissing the causes of action arising out of the letter. That was error. Defendant met his initial burden by establishing that he did not publish the letter with common-law malice, i.e., that ill will was not the sole cause for its publication (*see, Liberman v Gelstein, supra*, at 439; *cf., Stukuls v State of New York*, 42 NY2d 272) and that he did not publish the letter with constitutional malice, i.e., a high degree of awareness of its probable falsity (*see, Liberman v Gelstein, supra*, at 438). While we agree that plaintiffs failed to raise a triable issue of fact with respect to common-law malice (*see, Liberman v Gelstein, supra,* at 439), we conclude that plaintiffs raised a triable issue of fact with respect to constitutional malice (*see, Prozeralik v Capital Cities Communications*, 82 NY2d 466, 476-478; *Teixeira v Korth*, 267 AD2d 958; *cf., Freeman v Johnston*, 84 NY2d 52, 56-58, *cert denied* 513 US 1016; *Liberman v Gelstein, supra,* at 438-439). Finally, because there is an issue of fact whether defendant made the statements forming the basis for the second defamation cause of action in action No. 3, the court properly denied the cross motion of plaintiff John E. Nicolo in that action for an order deeming that the words were false and defamatory. We modify the order, therefore, by denying defendant's motion and reinstating the amended complaints in action Nos. 1 and 2 and the first cause of action in action No. 3. (Appeals from Order of Supreme Court, Yates County, Bender, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Hurlbutt and Kehoe, JJ.