■ DONALD LaBARGE, Appellant, v PETER HOLMES, Respondent. [816 NYS2d 658]—

Appeal from an order of the Supreme Court, Oswego County

(James W. McCarthy, A.J.), entered January 31, 2005. The order, inter alia, granted defendant's motion for summary judgment dismissing the second cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and reinstating the second cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for defendant's allegedly defamatory statement made in a formal criminal complaint lodged by defendant against plaintiff. Defendant accused plaintiff of stealing two boxes of hamburger patties and a deep fryer from the volunteer fire department of which both parties were members. Supreme Court erred in granting defendant's motion for summary judgment dismissing the second cause of action and thereby dismissing the amended complaint, and we modify the order accordingly. Although defendant met his initial burden on the motion by establishing that the allegedly defamatory statement is subject to a qualified privilege inasmuch as it was communicated between persons with a common interest in the subject matter and involved a matter of legitimate public concern, plaintiff raised a triable issue of fact with respect to whether defendant made the statement with malice (*see Prozeralik v Capital Cities Communications*, 82 NY2d 466, 476-478 [1993]; *Ackerman v Bechhoefer*, 270 AD2d 878 [2000]; *Teixeira v Korth*, 267 AD2d 958 [1999]; *Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 260 [1995]). With respect to the issue of constitutional malice, we conclude that there is evidence from which it may be inferred that defendant made the accusation against plaintiff "with a high degree of awareness of its probable falsity" (*Ackerman*, 270 AD2d at 878; *see Teixeira*, 267 AD2d at 959; *see also Breen v Leonard*, 198 AD2d 392, 393-394 [1993]). Similarly, we conclude with respect to the issue of common-law malice that there is evidence from which it may be inferred that defendant's "ill will [toward plaintiff] was . . . the sole cause for" defendant's statement (*Ackerman*, 270 AD2d at 878; *see Herlihy*, 214 AD2d at 260). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.