■ BRIAN ANDERSON, Respondent, v OUR LADY OF MERCY MEDI-CAL CENTER et al., Appellants, et al., Defendants. [819 NYS2d 497]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered June 17, 2005, which, to the extent appealed from, denied, upon plaintiff's motion for renewal, the motion to dismiss the cause of action for defamation per se against defendants Our Lady of Mercy Medical Center, Oddo and Reid, unanimously reversed, on the law, without costs, defendants-appellants' motion granted and the complaint dismissed as to them. The Clerk is directed to enter judgment accordingly.

The statements at issue were clearly made by defendant Oddo, the hospital's in-house counsel, in the presence of individuals who shared an interest in their subject matter, viz., the hospital's administrator, its director of security, and four security guards, all of whom were hospital employees, who had escorted plaintiff to counsel's office after he had arrived at the hospital despite having been told that he was suspended from his employment as a nurse and was not allowed on hospital grounds. Contrary to the motion court's finding, under the circumstances those statements and the statement made by defendant-appellant Reid in a hospital incident report were protected by a qualified privilege (see Kasachkoff v City of New York, 107 AD2d 130, 135 [1985], affd 68 NY2d 654 [1986]). To the extent that plaintiff seeks to limit that privilege to "peculiarly compelling" circumstances or a "clearly confidential setting," no such limitation is required. In any event, the setting was sufficiently confidential and the security guards clearly had a vital interest in the subject matter of the meeting (id.) since they were responsible for keeping plaintiff off the hospital

premises. Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.