PATRICIA MANCUSO, Appellant, v ALLERGY ASSOCIATES OF ROCHESTER et al., Respondents. [895 NYS2d 756]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered October 7, 2008 in a defamation action. The order, insofar as appealed from, granted that part of the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages resulting from allegedly defamatory statements made by defendant Dr. Bruce Corsello, an owner and partner of defendant Allergy Associates of Rochester (Allergy Associates), to plaintiff's coworkers. Defendant Dr. Eric M. Dreyfuss is also an owner and partner of Allergy Associates. Supreme Court properly granted that part of the motion of defendants for summary judgment dismissing the complaint. With respect to plaintiff's first cause of action, for slander per se, "[a] communication made by one person to another upon a subject in which both have an interest is protected by a qualified privilege" (*Stillman v Ford*, 22 NY2d 48, 53 [1968]; *see Anas v Brown*, 269 AD2d 761, 762 [2000]). Thus, even assuming, arguendo, that defendant made the statements as alleged in plaintiff's complaint, we conclude that defendants met their initial burden by establishing that the alleged statements were protected by a qualified privilege. "It is uncontested here that the statement[s] at issue [were] communicated to a limited number of people, all of whom were . . . employees [of Allergy Associates] who had worked with plaintiff and who had a legitimate interest in knowing that a serious sanction had been imposed for [a] violation" of professional regulations (*Bisso v De Freest*, 251 AD2d 953, 953 [1998]; *see Anderson v Our Lady of Mercy Med. Ctr.*, 31 AD3d 270 [2006]).

We agree with plaintiff, however, that the court erred in applying a clear and convincing standard in reviewing whether plaintiff met her burden of overcoming defendants' qualified privilege, although we ultimately conclude that the court properly granted that part of defendants' motion with respect to the first cause of action. Where, as here, a plaintiff is a private individual and the allegedly defamatory statements are not a matter of legitimate public concern, the more stringent First Amendment protections associated with public officials or affairs are not implicated (*see generally Dun & Bradstreet, Inc. v Greenmoss Builders, Inc.*, 472 US 749, 761-763 [1985]; *New York Times Co. v Sullivan*, 376 US 254, 279-280 [1964]; *Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199 [1975]). Thus, the clear and convincing standard does not apply herein but, rather, the preponderance of the evidence standard applies, such that a triable issue of fact is raised only if, based upon a preponderance of the evidence, a trier of fact "could reasonably conclude that 'malice was the one and only cause for the publication' " (*Liberman v Gelstein*, 80 NY2d 429, 439 [1992]). To the extent that our decision in *Teixeira v Korth* (267 AD2d 958, 959 [1999]) holds otherwise, it is no longer to be followed. As noted, we conclude in this case that defendants met

their initial burden, and we further conclude that plaintiff failed to raise a triable issue of fact whether the statements were motivated solely by malice. Absent such a showing, "it matters not that [Dr. Corsello may have] *also* despised plaintiff" (*Liberman*, 80 NY2d at 439; *see generally Matter of Williams v County of Genesee*, 306 AD2d 865, 868 [2003]).

We further conclude that the court properly granted that part of defendants' motion with respect to the remaining cause of action, for prima facie tort. Plaintiff failed to allege special damages with the required specificity (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]; *Epifani v Johnson*, 65 AD3d 224, 233 [2009]). Indeed, the complaint contains only the general statement that plaintiff was "damaged in the amount of not less than [$1 million]." "[D]amages pleaded in such round sums, without any attempt at itemization, must be deemed allegations of general damages" (*Leather Dev. Corp. v Dun & Bradstreet*, 15 AD2d 761 [1962], *affd* 12 NY2d 909 [1963]). Moreover, plaintiff failed to allege that the sole motivation of Dr. Corsello was " 'disinterested malevolence,' " which is a required element for plaintiff's recovery in prima facie tort (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983]; *see Morrison v Woolley*, 45 AD3d 953, 954 [2007]).

Finally, plaintiff contends that defendants' motion should have been denied insofar as it sought summary judgment dismissing the complaint because "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). We reject that contention, based on plaintiff's "failure to demonstrate that the discovery being sought is anything more than a fishing expedition" (*Greenberg v McLaughlin*, 242 AD2d 603, 604 [1997]). Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.