## (January 26, 1978)

■ STANLEY J. ORR, Respondent, v ROBERT A. LYNCH et al., Appellants. —Appeal from an order of the Supreme Court at Special Term, entered December 23, 1976 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint. Plaintiff, Stanley Orr, a police officer of the City of Ithaca, New York, was on patrol with his partner, Peter Dassler, on the evening of April 29, 1975. In response to a police radio message, they arrived at the Meadow Court Motel where, after an exchange of shots, one Robert Korth was wounded in the back by a bullet from Patrolman Orr's gun. There were different descriptions from witnesses of exactly how the shooting occurred. In news reports on April 30 and May 1, 1975, the defendant radio station, WTKO (Ivy Broadcasting Co.), broadcast several news stories reporting on the shooting incident which essentially reflected the police views that the shooting was justified. Subsequently, on May 20, 1975, defendant Lynch, as news director of WTKO, obtained an interview with Robert Korth in the hospital. The substance of this interview was broadcast as a feature of several newscasts over WTKO on May 20, 21 and 22. The essence of these news broadcasts was that Korth claimed he drew his weapon before knowing that his targets were policemen; that he voluntarily threw down his weapon and was complying with police orders when he was shot; that the police and the District Attorney were attempting a coverup; and that there should be a full investigation of the incident. As a part of the reporting of this interview, the descriptive phrases "the New Jersey man [Korth] was gunned down" and "Orr opened fire" were used. Plaintiff brought the instant libel action charging defendants with actual malice in the publication of Korth's statements asserting the statements were false, defamatory and injurious to his reputation and professional employment. Defendants in their answer, admitted the broad-

casts were made but denied, in the event of any misstatement of fact, any malice or reckless disregard of the truth in the reporting and claimed the news reports were privileged. Defendants moved for summary judgment pursuant to CPLR 3212 on the ground that there was no triable issue of fact. Special Term denied the motion without a written decision. The order of Special Term denying the motion for summary judgment must be reversed. It is for the court to decide whether the words complained of are susceptible to the defamatory meaning ascribed to them; the jury considers the question only if the words are reasonably susceptible of such a defamatory connotation *(James v Gannett Co.,* 40 NY2d 415; *Tracy v Newsday, Inc.,* 5 NY2d 134; *Mencher v Chesley,* 297 NY 94). All of the words constituting the broadcasts about which complaint is made, with the exception of the references to "gunned down" and "opened fire" are attributed to Robert Korth. Every phrase used in the broadcasts, other than the two above exceptions, was qualified by words that Korth "told", "claims", "alleges", "said", "asserted". No attempt was made to represent these quotations as the true facts of the incident and the transcripts of the radio broadcasts clearly indicate that Korth's statements were contrary to the police view which was also reported. Just as the shooting itself was a matter of public interest, so Korth's claims and allegations in response to the shooting were legitimate matters of public concern *(Edwards v National Audubon Soc.,* 556 F2d 113, cert den *sub nom. Edwards v New York Times Co.,* 434 US 1002; *Thuma v Hearst Corp.,* 340 F Supp 867). The defendants herein were clearly serving their informational function in relaying Korth's opinions. Whether the use of the phrases "opened fire" and "gunned down" are actionable depends upon a consideration of the entire publication and how the ordinary and average reader would understand the words *(James v Gannett Co., supra; Mencher v Chesley, supra).* Within the context of the entire broadcast, these words are merely "rhetorical hyperbole" *(Greenbelt Pub. Assn. v Bresler,* 398 US 6; *Thuma v Hearst Corp., supra;* cf. *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369). The instant libel action involves not only a public official but a matter of public interest. The public official, as plaintiff, to succeed in such an action must prove that the allegedly libelous statements were made with either malice or reckless disregard of the truth *(New York Times Co. v Sullivan,* 376 US 254). Thus, on this motion the burden was on the plaintiff to allege evidentiary facts sufficient to permit the inference of malice in the news reports of Korth's statements. It must be shown that the defendant, in fact, entertained serious doubt as to the truth of his publication *(St. Amant v Thompson,* 390 US 727, 731). The only factual evidence offered by plaintiffs from which actual malice might be implied is the plaintiff's statement that Lynch said he (Lynch) had not believed Korth when he interviewed him. However, this is only a personal statement of disbelief by the defendant, Lynch. It is not the same as knowledge or reckless disregard for the truth. It is apparent that the definition of actual malice as set forth in *St. Amant v Thompson (supra)* has not been met by the plaintiff herein. Further, in reporting a newsworthy event, the belief or doubt of the reporter is not important since he is reporting the news event, not assuming responsibility for the veracity of the quoted remarks *(Edwards v National Audubon Soc., supra; Thuma v Hearst Corp., supra).* The radio station, Ivy Broadcasting Co., as publisher, can be liable only where there is either actual knowledge of probable falsity of the report or where there is reason to doubt the reporter's accuracy *(James v Gannett Co., supra,* p 424). Neither is alleged in this case and, therefore, the

complaint against Ivy Broadcasting Company must fail. Order reversed, on the law, with costs, and complaint dismissed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.