■ Dennis Malerba, Respondent-Appellant, v Newsday, Inc., et al., Appellants-Respondents, et al., Defendant.—In an action to recover damages for libel, the appeal is from so much of an order of the Supreme Court, Suffolk County, entered January 23, 1978, as denied the defendants-appellants' cross motion for summary judgment. Plaintiff purports to cross-appeal from that part of the same order which denied his motion to dismiss the defendants' first and second affirmative defenses. Cross appeal dismissed, without costs or disbursements. The cross appeal was not perfected in accordance with the rules of this court (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686). Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and cross motion granted. The plaintiff, a police patrolman in Suffolk County, alleges that he was libeled by an article written by defendant Carter and published in defendant *Newsday* on November 2, 1976. The defendants' cross motion for summary judgment was denied by Special Term. Although summary judgment is a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues of fact *(Andre v Pomeroy,* 35 NY2d 361), we feel that the remedy is appropriate in this case. The *Newsday* article stated, *inter alia,* that in September, 1976 the plaintiff and another patrolman stopped a car on the Long Island Expressway because the driver appeared to be drunk. They questioned the driver and then dragged out the lone passenger, who was a paraplegic, and threw him to the ground, causing serious injuries. The article also stated that it was Robert Frankfort, an attorney with the law firm that represented the injured passenger, who had charged that the plaintiff had been one of the officers involved in the incident. In fact, Frankfort had not specifically named the officers who injured his client. On November 1, 1976 he had informed defendant Carter over the telephone that two appearance tickets had been signed by the plaintiff. He did not inform Carter that the appearance tickets were dated September 24, 1976, the day after the incident. Carter sought to confirm the story by calling

Robert Rapp, the Deputy Police Commissioner for the Suffolk County Police Department. Rapp told him that he had received a complaint from the Suffolk County Human Rights Commission relating to the incident in question. The complaint did not name the plaintiff, but his badge number appeared on it. Carter then tried to contact the plaintiff to further confirm the story, but he was unsuccessful. At this point Carter wrote the story, and it appeared in print on the following day. The plaintiff later claimed that he had been on desk duty at the precinct on September 24, 1976, the day after the incident, and had issued and signed the appearance tickets, but that he had not participated in any of the events described in the *Newsday* article. In response to a request of plaintiff's counsel to retract the reference to the plaintiff in the article, *Newsday* published a correction on December 1, 1976, stating that Robert Frankfort did not identify the officers who allegedly assaulted the passenger in the car. In our opinion a police patrolman is a "public official" within the meaning of *New York Times Co. v Sullivan* (376 US 254). The Supreme Court of the United States has "accepted" a determination of the Louisiana Supreme Court that a Parish Deputy Sheriff was a public official *(St. Amant v Thompson,* 390 US 727, 730), and, in New York, public official status has been accorded to a police sergeant *(Lloyd v Newman,* NYLJ, March 3, 1976, p 13, col 4), to police lieutenants *(Graham v New York News,* NYLJ, March 11, 1977, p 5, col 5; *Gilligan v King,* 48 Misc 2d 212, affd 29 AD2d 935), and, most recently, to a policeman on patrol *(Orr v Lynch,* 60 AD2d 949). Since the plaintiff is a public official, he must satisfy the *New York Times Co. v Sullivan* standard in order to recover damages for a defamatory falsehood. This standard permits a recovery for defamation only where a statement is made "with knowledge that it was false or with reckless disregard of whether it was false or not" *(New York Times Co. v Sullivan,* 376 US 254, 280, *supra).* The appropriate test is whether a publisher had or should have had serious doubt as to the truth of the publication *(Rosenbloom v Metromedia,* 403 US 29, 56; *St. Amant v Thompson,* 390 US 727, 731, *supra; James v Gannett Co.,* 40 NY2d 415, 424). The plaintiff cannot satisfy this test. Defendant Carter checked two reliable sources and attempted to call the plaintiff before writing the article. There was no apparent reason to seriously doubt the truth of the statement that the plaintiff was one of the patrolmen involved in the incident. Under these circumstances we hold that the plaintiff cannot recover. Latham, J. P., Damiani, Margett and Hawkins, JJ., concur.