■ CAMPO LINDO FOR DOGS, INC., Appellant, v NEW YORK POST CORPORATION et al., Respondents.—Appeal from (1) an order of the Supreme Court at Special Term, entered October 11, 1977 in Delaware County, which granted a motion by defendant for summary judgment dismissing the complaint, and (2) the judgment entered thereon. Plaintiff operated a "vacation home" for dogs in the Catskill Mountains near Margaretville, New York. On January 7, 1975, the defendant, New York Post Corporation, published a newspaper article under the by-line of its reporter Leonard Katz entitled, "The Pet Explosion", and approximately eight paragraphs thereof referred to plaintiff. The first two paragraphs contained a favorable description of plaintiff's operations. The next quoted actress Gretchen Wyler, identified as a leader of the humane movement in the metropolitan area, as follows: "When I visited Campo Lindo, I found dogs tied to stakes, forced to lie in the mud. The place was filthy and there was very little supervision." Paragraph four pointed out that plaintiff was under investigation by the New York State Attorney-General's office at the request of Miss Wyler Following a complaint made to her by a Mr. Krasnan, who had boarded two dogs with plaintiff. Paragraph five contained a quote by Mr. Krasnan: "The poodle was lost and the airdale was delivered to us in a filthy condition with an eye infection and ticks." The following two paragraphs contained denials by plaintiff's president, Ronald De Strulle, and presented his explanation for the loss of Mr. Krasnan's poodle. The final paragraph quoted Mr. Krasnan on the results of his own inquiry into the loss of his poodle. Concededly, Katz never visited Campo Lindo, although he was offered an opportunity to do so by De Strulle during the course of a telephone conversation with him prior to publication of the article in question. In granting defendant's motion for summary judgment dismissing plaintiff's libel action, Special Term found plaintiff to be a "public figure" requiring it to prove actual malice *(New York Times Co. v Sullivan,* 376 US 254). It then concluded plaintiff had failed to establish a gross, reckless disregard of the truth by defendant, and, thus, had failed to demonstrate such malice. Additionally, Special Term found that section 74 of the Civil Rights Law gave defendant an absolute privilege to print the article. While the record demonstrates that plaintiff took affirmative steps to attract public attention to its operation and may have made itself a public figure *(James v Gannett Co.,* 40 NY2d 415), we need not consider that issue for we believe that the published article was an objective account of information obtained in the legitimate course of defendant's business to report newsworthy material (see *Orr v Lynch,* 60 AD2d 949). Moreover, there was no showing of any "gross irresponsibility" on the part of defendant or any demonstration that the article was not within the public concern *(Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196). Defendant had no reason to doubt the veracity of the individuals who furnished information to its reporter *(James v Gannett, supra),* and the denials and explanations offered by De Strulle were not sufficient to delay or stop publication of the article (see *Edwards v National Audubon Soc.,* 556 F2d 113). Accordingly, the matter was properly resolved by summary judgment and, for the reasons stated, we affirm *(Rinaldi v Holt, Rhinehart, & Winston,* 42 NY2d 369; *Twenty Five East 40th St. Rest. Corp. v Forbes, Inc.,* 30 NY2d 595). Order and judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.