■  PAT CAMMAROTO, Respondent, v JAY ANSON et al., Defendants, and PRENTICE-HALL, INC., Appellant.—In an action to recover damages pursuant to section 51 of the Civil Rights Law, the defendant publisher, Prentice-Hall, Inc., appeals from an order of the Supreme Court, Nassau County, dated December 15, 1978 and entered in Suffolk County, which denied its motion to dismiss pursuant to CPLR 3211 (subd [a], par 5) on the ground that the action was not commenced within the one-year Statute of Limitations. Order reversed, with $50 costs and disbursements, motion converted to one for summary judgment and case remitted to Special Term for a hearing pursuant to CPLR 3211 (subd [c]) in accordance herewith. This is an action to recover damages for invasion of the plaintiff's privacy. It is based on two references to the plaintiff in the book The Amityville Horror: A True Story. The book was co-authored by the defendant Anson, who was timely served. The book was published by the defendant Prentice-Hall, which contends that service upon it was not timely. Prentice-Hall moved to dismiss the plaintiff's complaint pursuant to CPLR 3211 (subd [a], par 5), arguing that the action was barred by the Statute of Limitations. Special Term denied this motion on the rationale that in this privacy action, the publisher and

author were parties united in interest and thus timely service on the author constituted timely interposition of the claim against the publisher. We do not agree. The subject matter of the book is one of public interest. The plaintiff, a Suffolk County police officer, is a public figure (see *Malerba v Newsday, Inc.,* 64 AD2d 623). Constitutional protections of speech and press prohibit use of the Civil Rights Law to remedy false statements concerning matters of public interest in the absence of evidence that the defendant published the book with knowledge of false statements contained in it or in reckless disregard of the truth *(Time, Inc. v Hill,* 385 US 374; *Spahn v Julian Messner, Inc.,* 21 NY2d 124). Under the malice standard, the differences inherent in the acts of writing and publishing and in the knowledge of the author and the publisher preclude a finding of unity of interest *(Martin v New York Times,* NYLJ, Dec. 23, 1975, p 6, col 2, affd 56 AD2d 514). According to the analysis by Special Term in denying the publisher's motion to dismiss, it was not necessary to consider Prentice-Hall's factual allegations concerning the date upon which the plaintiff's cause of action began to run. In view of the position we have taken on this appeal, the truth and sufficiency of those allegations are now germane to a determination of the remaining issue, namely, whether service on the publisher was made more than one year after the book was offered for sale to the public (see *Pascuzzi v Montcalm Pub. Corp.,* 65 AD2d 786). A hearing is necessary to resolve this question. Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.