■ JOHN DERRIG, Appellant, v ANDREW QUINLAN et al., Respondents.—Casey, J. P. Appeal from a judgment of the Supreme Court in favor of defendants, entered August 27, 1985 in Tioga County, upon a dismissal of the complaint by the court at Trial Term (Lee, Jr., J.), at the close of the case.

Plaintiff commenced this action seeking to recover damages for defamation. The relevant facts and circumstances, revealed at trial, show that on March 19, 1984, at about 11:00 P.M., plaintiff, a police officer of the Village of Waverley, Tioga County, and his partner stopped their police vehicle directly behind an automobile that was parked in a "No Parking" zone creating a traffic obstruction. While stopped, the partner wrote out a parking ticket for the automobile. Defendant Andrew Quinlan (hereinafter defendant), a well-known citizen of the Village who owns a softball park and lounge and is the president of the liquor dealers in the Tioga County Liquor Association, exited Thirsty's Tavern across the street and reportedly began to yell at the officers because their presence was discouraging the patronage of nearby taverns. The officers drove away after writing out the ticket. As they were leaving the scene the officers received a radio message from police headquarters telling them that headquarters had just received an anonymous threatening phone call, purporting to come from Thirsty's Tavern, to the effect that if the police car in front of that tavern was not moved the caller was going to put a bomb in it.

The police officers returned to the tavern and asked the owner who had made the call. The owner stated that defendant had made it and defendant was immediately arrested and charged with harassment for his abusive language. Defendant admitted that he had made the call and the charge was upgraded to aggravated harassment. Defendant was taken to the police station where he was booked and held in the lockup until the following morning because he had been drinking and was insisting that he would make more threatening phone calls. When he was released the following morning, defendant

placed a large sign board on the back of his pickup truck, on one side of which was printed "[plaintiff's] conduct does not meet the high standards of policemen" and, on the other side, "[plaintiff's] conduct is unprofessional to police department". The truck containing the sign was driven through the Village for a number of days. The sign was also prominently displayed on lands owned by defendant and his wife.

At some point the sign was changed to read "[plaintiff] is an amateur" and an obscenity. Defendant denied making these changes in his deposition and he stated that he removed these changes as soon as he became aware of them. Defendant speculated that children or vandals had altered the signs. Summarily, these alterations may be disregarded on this appeal for there is no proof in the record to show that defendant made them or was responsible for their publication.

The signs, as originally and admittedly made by defendant, were the subject of two newspaper articles and pictures in the Village newspaper, *The Daily Review,* on March 21 and March 22, 1984.

After hearing the proof, Trial Term rendered a decision in favor of defendants of no cause of action, based on the Judge's oral decision dismissing all of the causes of action alleged in the complaint on the merits. While not specifically stated, presumably the decision was based on the insufficiency of the proof to sustain plaintiff's burden.

As a police officer, plaintiff is a public official *(Malerba v Newsday, Inc.,* 64 AD2d 623, 624; *Orr v Lynch,* 60 AD2d 949, 950, *affd* 45 NY2d 903) who must satisfy the standard set forth in *New York Times Co. v Sullivan* (376 US 254, 280) in order to recover damages for defamation. This standard permits recovery only when the statements were made with actual malice, defined as statements made by defendant with knowledge that they were false or with reckless disregard of whether they were false *(see, id.,* p 280). The record reveals that plaintiff's evidence of malice was confined to proof of defendant's anger over his allegedly unjustified arrest. It does not appear that defendant himself had any serious doubts about the veracity of the statements *(see, Bee Pub. v Cheektowaga Times,* 107 AD2d 382, 387). A libel plaintiff who is a public official must carry a constitutional burden of proof with convincing clarity *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 385, *cert denied* 434 US 969). Applying this standard, plaintiff has not proven "with clear and convincing clarity" that the statements published by defendant were

made with knowledge that they were false or with reckless disregard of whether they were false. The statements printed on the signs were mere expressions of defendant's own personal opinion of plaintiff's professional incompetence. Although the facts on which this opinion was based were not stated on the sign *(cf. Silsdorf v Levine,* 59 NY2d 8, 13, *cert denied* 464 US 831), we need not address the actionability of this failure *(see, Steinhilber v Alphonse,* 68 NY2d 283) in view of plaintiff's failure to prove actual malice. Accordingly, the judgment appealed from should be affirmed.

Judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.