**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

US DOMINION, INC., DOMINION
VOTING SYSTEMS, INC., and
DOMINION VOTING SYSTEMS
CORPORATION,

      Plaintiffs,

      v.

FOX NEWS NETWORK, LLC,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: N21C-03-257 EMD

Submitted:  January 6, 2022
Decided: January 10, 2022

### ORDER REFUSING TO CERTIFY APPLICATION OF FOX NEWS NETWORK, LLC FOR CERTIFICATION OF THE COURT'S DECEMBER 16, 2021 INTERLOCUTORY ORDER TO THE DELAWARE SUPREME COURT

This 10th day of January, 2022, upon consideration of the Application of Fox News Network, LLC for Certification of the Court's December 16, 2021 Interlocutory Order to the Delaware Supreme Court (the "Application")[1] filed by Defendant Fox News Network, LLC ("Fox") on December 27, 2021;[2] Plaintiffs' Opposition to Defendant's Application for Certification of the Court's December 16, 2021 Interlocutory Order to the Delaware Supreme Court (the "Response") filed by Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively "Dominion") on January 6, 2022;[3] the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Opinion issued on December 16, 2021.

[2] D.I. No. 147 (Fox's Appl. for Certification of Interlocutory Appeal) (hereinafter "Appl.").

[3] D.I. No. 160 (Dominion's Opp. to Fox's Appl.) (hereinafter "Opp.").

Court's Opinion[4] issued on December 16, 2021 (the "Opinion");[5] Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

## INTRODUCTION

1. This is a civil action involving a defamation claim. Dominion alleges that Fox published false and defamatory statements of fact about Dominion. Dominion contends that: (i) Fox intentionally provided a platform for guests that Fox's hosts knew would make false and defamatory statements of fact on the air; (ii) Fox, through Fox's hosts, affirmed, endorsed, repeated, and agreed with those guests' statements; and (iii) Fox republished those defamatory and false statements of fact on the air, Fox's websites, Fox's social media accounts, and Fox's other digital platforms and subscription services. Dominion seeks punitive and economic damages for defamation *per se*.

2. Dominion filed its Complaint against Fox on March 26, 2021.[6] On May 18, 2021, Fox moved to dismiss (the "Motion to Dismiss") the Complaint for failure to state a claim.[7] Dominion opposed the Motion to Dismiss, filing an answering brief on June 8, 2021.[8] The Court held a hearing on the Motion on August 30, 2021.[9] At the conclusion of the hearing, the Court took the Motion under advisement. On December 16, 2021, the Court denied the Motion to Dismiss.[10]

3. Fox has now applied, under Rule 42, for certification of an interlocutory appeal of the Opinion. Fox contends that the Opinion "violates" well-established doctrines under the U.S.

---

[4] D.I. No. 142.
[5] *US Dominion, Inc. v. Fox News Network, LLC*, 2021 WL 5984265 (Del. Super. Dec. 16, 2021).
[6] D.I No. 1.
[7] D.I. No. 45.
[8] D.I. No. 60.
[9] D.I. No. 93.
[10] *US Dominion*, 2021 WL 5984265, at *29.

Constitution, Delaware and New York law.[11]  Fox claims that the Application meets the criteria listed in Rules 42(b)(i)[12] and 42(b)(iii)(B), (G) and (H).[13]  Fox contends that the Opinion involves a substantial issue of material importance, conflicts with multiple Delaware decisions, and that an interlocutory appeal would terminate the litigation.[14]  Dominion opposes certification, arguing that the Opinion does not decide a substantial issue of material importance[15] and satisfies none of the Rule 42(b)(iii) factors.[16]

## APPLICABLE STANDARD

4.     Rule 42(b) dictates the standard for certifying an interlocutory appeal.  "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[17]  In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[18] (2) the most efficient and just

---

[11] Appl. at 1.
[12] *Id.* at 2.
[13] *Id.*
[14] *Id.*
[15] Opp. at 1–2, 6.
[16] *Id.* at 2–6.  Dominion appears to base part of its opposition on certain exhibits attached to the Response.  *E.g.*, *id.* at 4.  These documents, however, were produced in discovery and so were not included in the Motion to Dismiss record, integral to the Complaint, or discussed by the Opinion.  Accordingly, for purposes of this Order, the Court deems Dominion's exhibits outside the proper scope of review and will not consider them in analyzing the Application.
[17] Del. Supr. Ct. R. 42(b)(i).
[18] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:
    (A) The interlocutory order involves a question of law resolved for the first time in this State;
    (B) The decisions of the trial courts are conflicting upon the question of law;
    (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
    (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
    (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
    (F) The interlocutory order has vacated or opened a judgment of the trial court;
    (G) Review of the interlocutory order may terminate the litigation; or
    (H) Review of the interlocutory order may serve considerations of justice.

schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[19] "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[20]

## DISCUSSION

### *Application of Rule 42(b)(i)*

5.      Initially, the Court must determine if the Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[21] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[22] Fox does not actually address the standard under Rule 42(b)(i) in the body of the Application. Fox does contend that "[m]otion to dismiss stage interlocutory appeals are warranted for threshold dispositive issues"[23] and later cites to Rule 42(b)(i);[24] however, the Application does not actually discuss why the Opinion qualifies under Rule 42(b)(i).

6.      The "substantial issue of material importance" prong of Rule 42 requires a determination of whether the Opinion presents any substantial issue of material importance that could merit appellate review before a final judgment.[25] The Opinion is not addressing an issue like a discovery dispute, but rather the merits of the Complaint. The Court concludes, therefore, that the substantial issue criterion is met by the Application. Accordingly, the Court will consider the factors set forth in Rule 42(b)(iii).

---

[19] *Id.*
[20] *Id.*
[21] *Id.* 42(b)(i).
[22] *Id.*
[23] Appl. at 1 n.1.
[24] *Id.* at 2.
[25] *E.g.*, *Realogy Hldgs. Corp. v. SIRVA Worldwide*, 2020 WL 4559519, at *10 (Del. Ch. Aug. 7, 2020).

4

*Application of Rule 42(b)(iii)*

7.     The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [the Court] should identify whether and why the likely benefits . . . outweigh the probable costs, such that interlocutory review is in the interests of justice."[26]  Here, Fox argues that Rule 42(b)(iii)(B), (G) and (H) apply and the Court should certify the interlocutory appeal.

8.     The Application fails to satisfy the Rule 42(b)(iii) factors.  To begin, the Opinion does not create a conflict among Delaware trial courts.  The Opinion applied New York defamation law in determining that the Complaint stated a reasonably conceivable claim.[27]  The Delaware cases relied upon by Fox do not apply New York law.[28]  As a result, the Opinion does not conflict with those decisions on a question of Delaware defamation law.

9.     After reviewing Fox's argument and legal support, the Court finds that Fox fails to identify how the Opinion creates a conflict among Delaware trial courts.  It appears that the only "conflict" between the Opinion and Fox's Delaware decisions is that those decisions

---

[26] Del. Supr. Ct. R. 42(b)(iii).

[27] The Opinion conducted a choice of procedural law analysis using traditional choice of law principles and found Delaware procedural law applied at the pleadings stage. *US Dominion*, 2021 WL 5984265, at *17–20.  None of the cases Fox cites undertook a choice of procedural law analysis and Fox does not argue they did.  *See infra* note 28 & accompanying text.  The Application therefore does not challenge the Opinion's choice of procedural law analysis.  As such, the Court finds that the procedural determination made by the Court is not appropriate for certification.

[28] *Owens v. Leads Stories, LLC*, 2021 WL 3076686, *12–15 (Del. Super. July 20, 2021) (applying Delaware defamation law); *Page v. Oath Inc.*, 2021 WL 528472, at *3–6 (Del. Super. Feb. 11, 2021) (applying Delaware defamation law after noting but declining to resolve conflict between Delaware and New York law on the standard for a separate tortious interference claim); *Avenatti v. Fox News Network, LLC*, 2021 WL 3603035, at *2 (D. Del. Aug. 13, 2021) (applying California defamation law).  *Ramada Inns, Inc. v. Dow Jones & Co., Inc.*, 1988 WL 15818 (Del. Super. Feb. 8, 1988) is a motion for clarification decision that follows an unpublished summary judgment decision.  *Ramada Inns* does not discuss the law applied to the summary judgment motion.  The parties, however, did not appear to raise a conflict of law, so Delaware law would have applied by default as the law of the forum.  Moreover, previous rulings in the case suggest Delaware law would have applied on summary judgment.  *See Ramada Inns, Inc. v. Dow Jones & Co., Inc.*, 523 A.2d 968, 971–73 (Del. Super. 1986) (applying Delaware evidence law); *see also Ramada Inns, Inc. v. Drinkall*, 1984 WL 247023, at *6 (Del. Super. May 17, 1984) (observing, in the context of personal jurisdiction, that "the alleged tortious injury occurred in Delaware").

5

granted dismissal and the Opinion did not. The differences in result, however, are factual, not legal, and so fail to satisfy Rule 42(b)(iii)(B).[29]

10. For example, in *Owens v. Lead Stories, LLC*, the Court dismissed a defamation claim because the plaintiff alleged "no facts" supporting an inference of falsity.[30] In addition, the *Owens* plaintiff omitted the context for the allegedly defamatory statements and edited the statements to make them appear actionable.[31] In comparison, the Opinion found Dominion pleaded numerous factual statements that supported an inference of falsity, provided context for the statements, and did not alter the statements to fit the theories alleged.

11. Similarly, in *Page v. Oath Inc.*, the Court dismissed a defamation claim because the plaintiff "did not allege facts about any of the individual authors."[32] Instead, the *Page* plaintiff pleaded statements made by individuals unaffiliated with the defendant.[33] In contrast, the Opinion found the Complaint contained factual allegations about, and statements attributable to, Fox and its news personnel.[34]

12. Finally, in *Avenatti v. Fox News Network, LLC*, the Delaware District Court dismissed a defamation claim that pleaded "conclusory statements and implausible assertions" rather than actual malice.[35] The Opinion, however, found Dominion's actual malice allegations

---

[29] *See, e.g.*, *In re Facebook, Inc. Deriv. Litig.*, 2021 WL 5098894, at *3, *5 (Del. Ch. Nov. 2, 2021) (observing that certification is not an appropriate device for seeking review of "fact-intensive" case conflicts), *appeal refused sub nom.*, *Emps.' Ret. Sys. v. Sbriglio*, 2021 WL 5200221 (Del. Nov. 9, 2021).

[30] 2021 WL 3076686, *13–15.

[31] *Id.* at *12.

[32] 2021 WL 528472, at *5.

[33] *Id.*

[34] Citing *Page*, Fox argues for the first time that defamatory statements made by Fox's personnel cannot be imputed to Fox as an organization. Appl. at 3. Fox misreads *Page*. Decontextualized, the *Page* court did state that entities "cannot have institutional knowledge of falsity." 2021 WL 528472, at *5. However, the *Page* court later qualified its statement by observing that entities can be liable as principals for their agents' defamatory publications if the plaintiff pleads "facts that permit" an inference of the agents' actual malice and the publication's falsity. *Id. See also N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964) ("The *mere presence* of stories in the files does not, of course, establish that the Times 'knew' the advertisement was false, since the state of mind required for actual malice would have to be *brought home to the persons* in the Times' organization . . . ." (emphasis added)).

[35] 2021 WL 3603035, at *4.

6

were well-pleaded and supported by hundreds of exhibits containing publications from Fox and its news personnel.

13. In sum, *Owens*, *Page*, and *Avenatti* dismissed defamation claims based on factual deficiencies that are not present in the Complaint. Fox will likely contend that Dominion's factual allegations are wrong or untrue; however, this should not serve as a basis for an interlocutory appeal. Otherwise, interlocutory review would be appropriate for every decision that denies a motion to dismiss. Moreover, it is not the law.[36] Accordingly, the Delaware decisions Fox relied upon do not support certification.

14. Fox next argues the Opinion conflicts with decisions that favorably resolved two defenses it raised in the Motion to Dismiss: the "neutral reportage" privilege and the "fair report" privilege.[37] The Court does not agree.

15. Fox relies principally on *Ramada Inns, Inc. v. Dow Jones & Co., Inc.*[38] It says that case "faithfully applied" the neutral reportage privilege.[39] This is not a fair reading of the decision because *Ramada Inns* did not examine the neutral reportage privilege. *Ramada Inns* was not "predicated on the existence of a privilege" at all.[40] As the Court explained:

> Ramada's arguments about the law of privilege—the fair report privilege and the neutral reportage privilege—are not apposite to the disposition . . . . Dow Jones is not relying on a privilege with respect to its reporting of Ramada's statements, and *I did not ground my ruling regarding the measure of substantial truth on any privilege.*[41]

Given that *Ramada Inns* did not base its decision on consideration of any privileges or defenses, the Opinion does not conflict with *Ramada Inns*.

---

[36] *See* Del. Supr. Ct. R. 42(b)(ii) ("Interlocutory appeals should be exceptional, not routine . . . ."); *see also id.* R. 42 cmt. ("[I]nterlocutory appeals are . . . rarely granted and generally disfavored.").

[37] *See generally US Dominion*, 2021 WL 5984265, at *22–26.

[38] 1988 WL 15818.

[39] Appl. at 2.

[40] 1988 WL 15818, at *1 (emphasis added).

[41] *Id.* at *2.

16.     To the extent Fox argues the Opinion conflicts with New York courts, its argument does not support certification.  The purpose of Rule 42 is to provide parties a mechanism for immediate appellate review of important, often case-dispositive, Delaware legal issues about which Delaware courts have not spoken conclusively or with one voice.[42]  In accord with that purpose, Rule 42(b)(iii)(B) concerns conflicts among "the trial courts" of Delaware.[43]  It does not concern conflicts between Delaware trial courts and trial courts of foreign jurisdictions.

17.     New York law may not be settled on all the issues raised in the Motion to Dismiss.  Relevant here, it also does not appear settled on every defense Fox seeks to raise.  The Opinion questioned, for example, whether New York law recognizes the neutral reportage privilege as a valid defense to defamation liability.[44]  Fox now claims there is a New York case that endorsed the neutral reportage privilege.[45]  Even if that is true,[46] an interlocutory appeal to the Supreme Court does not seem the appropriate manner to reconcile inconsistencies in New York decisional law or clarify legal concepts about which New York's intermediate appellate courts disagree.[47]  Logically, the New York Court of Appeals seems the proper forum for such disputes, if any.  By consequence, the Court cannot certify under Rule 42(b)(iii)(B) the question

---

[42] *See* Del. Supr. Ct. R. 42(a), (b)(i)–(iii); *see also id.* R. 42 cmt. (explaining that Rule 42 is designed to be "helpful to practitioners, litigants, trial courts, and the [Supreme] Court itself" and so should be used where it would "truly benefit the judicial process").

[43] Del. Supr. Ct. R. 42(b)(iii).  Rule 42 equates the term "trial court" with Delaware trial courts throughout its text and comment.  *See, e.g., id.* Rule 42 cmt. ("[T]he Court will review the operation of [Rule 42] . . . to determine whether further amendment is necessary to discourage meritless applications to the trial court and this Court."); *cf. id.* R. 42(b)(iii)(C) (providing as a factor a need for clarity on interpretive questions arising from Delaware statutes).

[44] *US Dominion*, 2021 WL 5984265, at *23 (discussing *Hogan v. Herald Co.*, 94 A.D.2d 470, 477–79 (N.Y. App. Div. 1982), *aff'd*, 444 N.E.2d 1002 (N.Y. 1982)).

[45] Appl. at 4 (discussing *Orr v. Lynch*, 60 A.D.2d 949, 950 (N.Y. App. Div. 1978), *aff'd*, 383 N.E.2d 562 (N.Y. 1978)).

[46] *But see* Opp. at 5 n.2 (distinguishing on legal grounds the New York case Fox cites in support of a New York neutral reportage privilege).

[47] *See Verizon Commc'ns Inc. v. Nat'l Union Fire Ins. Co.*, 2021 WL 1016445, at *5 (Del. Super. Mar. 16, 2021), *appeal refused*, 2021 WL 1250804 (Del. Apr. 5, 2021); *JPMorgan Chase Bank, NA v. Ballard*, 214 A.3d 449, 453 (Del. Ch. 2019), *appeal refused*, 2019 WL 3852525 (Del. Aug. 16, 2019).

of whether the neutral reportage privilege exists in New York.

18. Importantly, the Opinion accepted, *arguendo*, that all Fox's defenses—*e.g.*, the neutral reportage privilege—were available and operated as Fox described. The Opinion found the facts alleged in the Complaint were sufficient to overcome Fox's privileges at this early stage in the case. Central to this ruling was that (i) Fox had not yet pleaded its defenses; (ii) the parties had not briefed key legal issues involved in Fox's defenses; and (iii) the pre-discovery record and record on New York's "anti-SLAPP" statute were too bare to determine whether Fox's defenses are or will be applicable. The Application does not dispute any of these grounds for denying the Motion to Dismiss.

19. The Opinion did not foreclose Fox's defenses or rule on their ultimate merits. Instead, the Opinion clarified that Fox could raise its defenses at a later point in the case (*e.g.*, summary judgment) if the facts end up supporting them. Fox's apparent objection to that approach does not rest on a conflict between the Opinion and defamation law.[48] Fox's objection rests on a disagreement with the Opinion's holding. Accordingly, the Court finds that Fox's unpleaded affirmative defenses do not warrant interlocutory review.[49]

20. Fox's last Rule 42(b)(iii)(B) argument is that the Opinion contradicted New York decisions by declining to apply the anti-SLAPP "substantial basis in law" standard of review. This argument fails to support certification for multiple reasons.

21. First, Fox never argued that the substantial basis in law standard governed the

---

[48] Fox insists the Opinion's rejection of its defenses is based on an erroneous conflation of falsity and actual malice. Appl. at 2–3. Fox misapprehends the Opinion. The Opinion recited the defamation standard and then distilled actual malice from falsity. *US Dominion*, 2021 WL 5984265, at *28 (defining actual malice and then analyzing facts suggesting Fox knew its reporting was false or disregarded the truth recklessly).

[49] *See, e.g.*, *Legion Partners Asset Mgmt., LLC v. Underwriters at Lloyds London*, 2020 WL 6875211, at *3 (Del. Super. Nov. 23, 2020) (Mere disagreement with the Court's holding "does not meet the standard for interlocutory review. Otherwise, interlocutory review would be appropriate in every case in which a losing party contends the Court committed legal error."), *appeal refused*, 2020 WL 7055842 (Del. Dec. 20, 2020).

9

Motion to Dismiss. To the contrary, Fox contended that the Complaint failed to state a claim "regardless of which pleading standard applies."[50] Fox's present emphasis on the substantial basis in law standard is overstated. The Court finds that it would not be proper to certify an interlocutory appeal on an argument that the Opinion did not need to evaluate or decide.

22. Second, and more dispositive, the Opinion did what Fox asked. The Opinion held that the Complaint stated a defamation claim under any pleading standard, including New York's anti-SLAPP clear and convincing evidence standard.[51] The Court, therefore, reviewed the Complaint's adequacy under a "heightened" pleading standard, even though it was not entitled to such review under Delaware law.

23. Turning to Rule 42(b)(iii)(G), Fox contends immediate review is necessary because appellate success will result in the Complaint's dismissal. The Court understands that if the Supreme Court accepts an interlocutory appeal and reverses the Opinion then this civil action would terminate. Even so, the Application ignores Rule 42. Rule 42 instructs that interlocutory appeal should be "exceptional, not routine."[52] The Application, if accepted on this argument, would validate routine appeals from most motion to dismiss decisions. Conversely, the Opinion's finding that the Complaint states a claim is not exceptional. Accordingly, Rule 42(b)(iii)(G) does not support the Application.

24. Finally, Fox invokes Rule 42(b)(iii)(H). Fox's argument is not precise, but seems to be that considerations of justice will be served by immediate review because the Supreme

---

[50] D.I. No. 61 at 4 (Fox's Reply Br.). *See* D.I. No. 48 at 14 (Fox's Opening Br.) (arguing the Complaint fails to state a claim "under any applicable pleading standard"); D.I. No. 103 at 8:4–7 (Mot. to Dismiss Hr'g Tr.) ("[Fox's Counsel]: 'I'll be very clear. Our position is we would prevail and the entire lawsuit should be dismissed even under the Delaware pleading standard.'"). At the hearing on the Motion to Dismiss, Fox also conceded a split in authority on the question of whether the anti-SLAPP pleading standard supplants the federal or given state motion to dismiss standard. *See* D.I. No. 103 at 9:10–23, 10:10–23, 11:1–7 (Mot. to Dismiss Hr'g Tr.).
[51] *See, e.g.*, *US Dominion*, 2021 WL 5984265, at *19 & n.192.
[52] Del. Supr. Ct. R. 42(b)(ii).

Court can prevent the Opinion from "upending," "neutering," "gutting," "affronting," and "threatening" the First Amendment.[53] Shorn of hyperbole, however, the Application does not identify any specific or unique injustices that the Opinion has visited on Fox. While Fox disagrees, the Opinion is a straightforward decision under Civil Rule 12 on a complaint that is very detailed and well plead.

25. To be sure, the Opinion did not reduce Fox's exposure to a purported $1.6 billion judgment.[54] But a large amount in controversy, standing alone, does not make midstream appellate review automatic.[55] Indeed, given the facts alleged, Dominion has at least "as much to complain about with respect to cost" as Fox does.[56] Moreover, interlocutory appeal would increase costs,[57] especially if the Opinion is affirmed and the litigation subsequently continues. The Court, therefore, finds the amount in controversy to cut both ways.

26. Fox's defenses survived the Opinion. If Fox believes Dominion's allegations are baseless, then Fox can litigate its defenses to judgment. If desired, a direct appeal can be taken thereafter. The Court does not find that immediate review of a pleadings-stage decision will promote justice for the parties. Accordingly, Rule 42(b)(iii)(H) does not support the Application.

27. For the reasons set forth above, the Court does not believe that the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. The Opinion does not involve novel legal principles applied for the first time in Delaware. "If the balance [of these considerations] is uncertain, the [Court] should refuse to

---

[53] Appl. at 1, 3–6.

[54] *Id.* at 1.

[55] *E.g.*, *Verizon Commc'ns*, 2021 WL 101644, *6; *Northrop Grumman Innovation Sys., Inc. v. Zurich Am. Ins. Co.*, 2021 WL 772312, at *6 (Del. Super. Mar. 1, 2021) (rejecting Rule 42(b)(iii)(H) argument based on amount in controversy because presence of "sizeable damages" does not "vary the far more just course" of refusing to certify an unexceptional decision), *appeal refused sub nom.*, *Nat'l Union Fire Ins. Co. v. Northrop Grumman Innovation Sys., Inc.*, 2021 WL 1043988 (Del. Mar. 18, 2021).

[56] *Verizon Commc'ns*, 2021 WL 101644, at *6 (internal quotation marks omitted).

[57] *See* Del. Supr. Ct. R. 42(b)(ii), (b)(iii)(H).

certify the interlocutory appeal."[58]  Accordingly, the Court finds that Fox has not met Rule 42's strict standards for certification.

## CONCLUSION

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 is **REFUSED.**

Dated:  January 10, 2022
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

---

[58] Del. Supr. Ct. R. 42(b)(iii).